204 So.2d 515 (1967)
STATE of Florida, Petitioner,
v.
John Edward JONES, Respondent.
No. 36440.
Supreme Court of Florida.
November 22, 1967.
*516 Earl Faircloth, Atty. Gen., and Fred T. Gallagher, Asst. Atty. Gen., for petitioner.
Varon, Stahl & Perlin, Hollywood, for respondent.
WHITE, Circuit Judge (Retired).
The State, by petition for writ of certiorari, seeks review of a ruling of the District Court of Appeal, Fourth District, reversing a judgment of conviction entered upon jury verdict finding defendant, respondent here, guilty of murder in the first degree, with a recommendation of mercy.
The Court of Appeal, one judge dissenting, ruled that the verdict could not stand because of improper comments by the State Attorney regarding defendant's failure to testify. See Jones v. State, Fla.App. 1967, 197 So.2d 308.
One of the defenses in the trial court was a plea of not guilty by reason of insanity. Several medical experts testified, some called by the State and others called by defendant, but defendant did not take the stand.
The State Attorney made this comment in his argument to the jury:
"These are the acts and conduct of the defendant.
"And you look  and you look at these witnesses who have testified there on the witness stand and you ask yourself: Is there any doubt in my mind that this guy knew what he was doing?
"Now where is the evidence that says that he didn't know what he was doing?
* * * * * *
"Sure he had an impressive psychosis. Sure he had this feature of mental disease or he had that feature of mental disease, but he knew what he was doing was wrong.
"Now how in the world have they shown to you gentlemen by any witnesses that he did not  that he did not know at the time know what he was doing was wrong? Where is the testimony that came from the stand?"
The Court of Appeal ruled that, notwithstanding the failure of defendant's counsel to object to the remark prior to the verdict, the trial judge should have declared a mistrial on the spot and that his failure to do so nullified the verdict.
The decision of the Court of Appeal conflicts with principles stated by this Court in Gray v. State, 42 Fla. 174, 28 So. 53, and Clinton v. State, 56 Fla. 57, 47 So. 389.
In the Gray case the accused introduced several witnesses in his behalf, but did not take the stand himself. The prosecutor made this comment to the jury:
"Gentlemen of the jury, the evidence as it stands before you, unexplained and uncontradicted, *517 although it does not point positively to this defendant, is sufficient to warrant you in finding him guilty."
In holding that the remark was not improper this Court said:
"We think the prosecuting officer could comment on the evidence as it existed before the jury, avoiding any reference to the failure of the defendant himself to explain or contradict what had been introduced."
In the Clinton case two defendants were on trial. It appears from the Court's opinion that at least one witness was called by defendants, although neither defendant testified. The comment of the prosecutor was to the effect that certain testimony was uncontradicted, or stood uncontradicted and undenied. In rejecting the contention that the comment referred to the failure of the accused to testify this Court said:
"The pre-existing right of the state to argue the character of the evidence adduced by it has not been taken away by the statute permitting the accused to be a witness and forbidding the state to comment upon his failure to accept that privilege. The state still has the right to direct the attention of the jury to that portion * * * which is without conflict. Testimony may in a sense be contradicted in various ways, as by inherent improbability, by cross-examination, or by the demeanor of the testifier. So long as the state does not exercise its pre-existing right, so as to make it directly or covertly a comment upon the failure of the accused to voluntarily become a witness, the law is not violated."
Respondent argues that these cases have been overruled by Way v. State, Fla. 1953, 67 So.2d 321; Trafficante v. State, Fla. 1957, 92 So.2d 811; Gordon v. State, Fla. 1958, 104 So.2d 524; Singleton v. State, Fla.App. 1966, 183 So.2d 245; and Flaherty v. State, Fla.App. 1966, 183 So.2d 607. In addition, the Court of Appeal cites Tolliver v. State, Fla.App. 1961, 133 So.2d 565.
Upon examination it will be seen that these decisions are to be distinguished by the circumstances present in each and that none are in conflict with the Gray and Clinton cases. In addition, compare Davis v. State, 90 Fla. 317, 105 So. 843, 844; Carlile v. State, 129 Fla. 860, 176 So. 862; Ard v. State, Fla. 1959, 108 So.2d 38; Diecidue v. State, Fla. 1961, 131 So.2d 7; and King v. State, Fla. 1962, 143 So.2d 458. If one desires to pursue the subject further many cases will be found in an exhaustive annotation under the title "Comment or Argument by Court or Counsel that Prosecution Evidence is Uncontradicted as Amounting to Improper Reference to Accused's Failure to Testify," 14 A.L.R.3d 723.
In making a comparison with previous decisions on the subject, it is important to analyze the prosecutor's argument in the light of the circumstances in each case. In the case now before the Court, the remark by the State Attorney:
"These are the acts and conduct of the defendant.", immediately followed a review by the State Attorney of the circumstances of the crime and defendant's relation to it. In the full context of the argument the remark would not be understood as referring to the failure of defendant to testify in the trial then in progress.
One of the defenses was the plea of not guilty by reason of insanity. Several experts testified on the subject, some on behalf of the State and others for the defendant. The State Attorney prefaced his next statement with:
"* * * and you look at those witnesses who have testified * * *"
Obviously the argument now challenged was addressed to the "evidence as it existed before the jury" and not "to the failure of defendant to explain or contradict what had been introduced." Hence, the argument was within permissible bounds. Nothing *518 has been found indicating that this Court has modified principles announced in the Gray and Clinton cases and no sound reason has been given why it should do so now.
Adverting now to the failure of defendant's counsel to object in the trial court until after rendition of the verdict of guilty, respondent calls attention to the rule stated in Gordon v. State, supra, as follows:
"Ordinarily improper remarks of counsel to the jury can be remedied by appropriate instructions by the trial judge. Consequently under ordinary circumstances such inappropriate remarks will not be reviewed by an appellate court unless timely objection is made in the lower court. This rule, however, is subject to the exception that if the improper remarks are of such character that neither rebuke nor retraction may entirely destroy their sinister influence then on appeal they may be considered as error even in the absence of an objection in the trial court." (Emphasis added.)
The rule and its exception were similarly stated in Carlile v. State, supra. As thus stated, the Court was paraphrasing the original pronouncement of the exception to the rule as follows:
"This rule is, however, subject to the exception that if the improper remarks are of such character that neither rebuke nor retraction may entirely destroy their sinister influence, in such event, a new trial should be awarded, regardless of the want of objection or exception." (Emphasis added.) See Henderson v. State, 94 Fla. 318, 113 So. 689; Livingston v. State, 140 Fla. 749, 192 So. 327; and Fast v. State, Fla.App. 1966, 193 So.2d 210.
Thus, it is seen that to invoke the exception the remark must be of "such character" that it is both "obviously prejudicial" and ineradicable from the minds of the jury.
Previous decisions of this Court indicate broad liberality in applying the exception to the end that there be no infringement in the trial courts of fundamental rights of persons charged with crime. Such an attitude was appropriate in view of the fact that prior to Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733, it was in the trial of capital cases only that indigent defendants were given the assistance of counsel. This meant that many defendants who were unable to hire an attorney and who were unskilled in court procedure and ignorant of their rights were vulnerable to abuses of overzealous prosecutors. Under such circumstances this Court could do naught but charge the trial judge with the responsibility of prompt and decisive action by ordering a mistrial in such cases. The exception as thus recognized was intended to have this salutary effect. "As Heaven does its rains, showers, its favors alike on the high and the low, the rich and the poor," the exception had to be applied to those with counsel as well as to those without counsel. This made it possible for defense counsel to stand mute if he chose to do so, knowing all the while that a verdict against his client was thus tainted and could not stand. By such action defendants had nothing to lose and all to gain, for if the verdict be "not guilty" it remained unassailable.
Such procedure is unmindful that an important function of an attorney in a trial is to assist the court. It is the judge's responsibility to supervise the trial. If counsel performs his duty and promptly calls attention to remarks of the prosecutor which he considers prejudicial the court can excuse the jury, hear from both sides and forthwith take appropriate action if the remark in fact is found to be improper. See Rogers v. State, 158 Fla. 582, 790, 30 So.2d 625.
Prior to the Gideon case the good resulting from the application of the exception over-shadowed the evil, for trial judges, notwithstanding the absence of objection, were admonished to intervene, sua sponte, and declare a mistrial thus assuring *519 to many uninformed defendants on trial without counsel a fair and impartial trial.
At the present time all defendants in criminal trials who are unable to engage counsel are furnished counsel without charge. Application of the exception is no longer necessary to protect those charged with crime who may be ignorant of their rights. Their rights are now well guarded by defending counsel. Under these circumstances further application of the exception will contribute nothing to the administration of justice, but rather will tend to provoke censure of the judicial process as permitting "the use of loopholes, technicalities and delays in the law which frequently benefit rogues at the expense of decent members of society."
It has been suggested that some courts today seem to be preoccupied primarily in carefully assuring that the criminal has all his rights while at the same time giving little concern to the victim. Upon the shoulders of our courts rests the obligation to recognize and maintain a middle-ground which will secure to the defendant on trial the rights afforded him by law without sacrificing protection of society. As Mr. Justice Cardozo explained in Snyder v. Commonwealth of Mass., 291 U.S. 97, 122, 54 S.Ct. 330, 338, 78 L.Ed. 674, 687:
"But justice, though due to the accused, is due to the accuser also. The concept of fairness must not be strained till it is narrowed to a filament. We are to keep the balance true."
The Court now recants the statement of the exception upon which respondent relies and henceforth will review challenged argument of prosecutors only when an objection is timely made.
The decision reviewed is quashed with directions to reinstate the final judgment of the Circuit Court.
CALDWELL, C.J., and DREW, THORNAL and ERVIN, JJ., concur.