206 So.2d 426 (1968)
Cecil George WOODSIDE, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 67-12.
District Court of Appeal of Florida. Third District.
January 30, 1968.
Rehearing Denied February 20, 1968.
*427 Myron M. Gold, Miami, for appellant.
Earl Faircloth, Atty. Gen., and Jesse J. McCrary, Jr., Asst. Atty. Gen., for appellee.
Before CHARLES CARROLL, C.J., and HENDRY and SWANN, JJ.
HENDRY, Judge.
The appellant, Cecil George Woodside, Jr., and six other defendants were indicted for the crime of rape. After trial by jury, Woodside was found guilty and so adjudicated, and, a majority of the panel having recommended him to the mercy of the court, he was sentenced to life imprisonment.
Before trial, appellant filed a motion for severance, which motion was denied. The seven defendants were tried together. At the close of the case for the state, one of the defendants was granted a directed verdict of acquittal. At the close of all the evidence, two of the other defendants changed their pleas and were adjudged guilty. The four remaining defendants, appellant among them, were convicted by the jury.
The appellant presents five points for reversal. The first of these contentions concerns certain language used by the prosecuting attorney in his argument to the jury. The record on appeal reflects that the following took place during the prosecutor's final argument:
"MR. MASIN: That was my remark, Your Honor, what the Court will instruct.

*428 "The Court will instruct you that whoever aids, abets and et cetera is responsible the same as the perpetrator, as the principal. All participants are equally responsible. The fact Mr. Carr and the other defense attorneys have not seen fit to ask the witness Manning, who held her legs, if he knew, who pointed the gun, who held her throat at various times, does not make any of these defendants less responsible. If they thought they could show a mistake or an error on any individual identification, you know they would have brought it out from the witness stand.
"The State has the burden of proving their guilt by competent evidence. We did this. We put the man on who went through this, the man who identified them. This is our burden, and it is up to the defense, if they can, to rebut that.
"Mr. Carr will tell you, and it is the law * * *
"MR. GOLD: If it please the court, it is not the duty of the defense to rebut anything. I object to the remark."
"THE COURT: Sustained.
"MR. GOLD: I will move for a mistrial on those grounds.
"THE COURT: Denied.
"MR. MASIN: Mr. Carr, in all probability, if the other attorneys do not, will tell you, as you were told when you were selected, the defense does not have to prove anything. That is correct. They do not have to prove a thing, but if they could prove something in cross-examining the * * *
"MR. GOLD: I object.
"MR. MASIN: [Continuing] * * * State's witness * * *"
Appellant claims that the above quoted remarks by the prosecuting attorney constitute comment upon the failure of the appellant to take the stand and testify in his own behalf, and that, as such, infect the trial with the element of prejudicial error.
It is indeed the law in Florida that a prosecuting attorney will not be heard to comment before the jury or the court regarding the failure of the accused to testify in his own behalf. See § 918.09, Fla. Stat., F.S.A. This rule has been the subject of varying interpretations; however, the law, as it is applicable to the cause here before us, was settled in the recent case of State v. Jones, Fla. 1967, 204 So.2d 515, opinion filed November 22, 1967. In that case, the Supreme Court of Florida relied upon the earlier cases of Clinton v. State, 56 Fla. 57, 47 So. 389 (1908), and Gray v. State, 42 Fla. 174, 28 So. 53 (1900), specifically holding that none of the subsequent cases had modified the holdings in Clinton and Gray in any manner.
In the Gray case, supra, the language complained of was as follows:
"Gentlemen of the jury, the evidence as it stands before us, unexplained and uncontradicted, although it does not point positively to this defendant, is sufficient to warrant you in finding him guilty."
and the court there stated:
"We think the prosecuting officer could comment on the evidence as it existed before the jury, avoiding any reference to the failure of the defendant himself to explain or contradict what had been introduced."
The comment to the jury which was assigned as error in Clinton v. State, supra, was to the effect that certain evidence was "uncontradicted" or "undenied". The court in Clinton held:
"The pre-existing right of the state to argue the character of the evidence adduced by it has not been taken away by the statute permitting the accused to be a witness and forbidding the state to comment *429 upon his failure to accept that privilege. The state still has the right to direct the attention of the jury to that portion of the evidence as to which there is conflict and to that portion which is without conflict. The testimony may in a sense be contradicted in various ways, as by inherent improbability, by cross-examination or by the demeanor of the testifier. So long as the state does not exercise its pre-existing right, so as to make it directly or covertly a comment upon the failure of the accused to voluntarily become a witness the law is not violated."
As was noted in State v. Jones, supra, analysis of the prosecutor's comments to the jury must depend upon the circumstances of each particular case. We find that the comments complained of in the instant case, taken in full context and in light of the surrounding circumstances, constitute nothing more than an observation that the testimony of the state's witness was unshaken by cross-examination. The prosecuting attorney did not comment "directly or covertly" upon the failure of the appellant to testify in his own behalf.
Appellant's second contention is that the trial court committed error in giving the following instruction:
"Where two or more persons are charged in the same count of an indictment, such as the indictment of these defendants, as principals in the first degree with the commission of a felony, such as that charged, it is permissible to show under such charge that one or more defendants actually committed the felony and that another or others were present aiding and abetting in the commission thereof and all may be convicted under such charge and proof. Therefore, if you find from the evidence that one or more of these defendants raped M---- S---- B---- and the other defendants were present aiding and abetting the said defendant or defendants in the commission of such crime, then you may find such defendant or defendants guilty of the same felonious crime, if any, as that committed by such defendant as may have been so aided and abetted.
"The words aid and abet include all assistance rendered by acts, words, encouragement, support or presence, actual or constructive."
Counsel for appellant argues, in essence, that this instruction informs the jury that mere presence at the scene of a crime constitutes aiding and abetting, which information is legally incorrect. We are of the opinion, however, that the key words "assistance rendered" adequately convey the idea that mere presence at the scene of a crime is not necessarily aiding and abetting. We find nothing erroneous in the above quoted instruction.
The third point raised by the appellant concerns certain statements, made during the course of the trial by the trial judge, which statements, it is contended, were comments on the evidence, hence error. Assuming for the purpose of the discussion that these statements were comments on the evidence, appellant has nonetheless failed to show that these comments constituted harmful error. This being so, the contention is meritless. See § 54.23, Fla. Stat., F.S.A., and Tanner v. State, Fla.App. 1967, 197 So.2d 842.
Appellant's next contention is that the trial court erred in denying his motion for severance. As was stated in Reddick v. State, Fla.App. 1966, 190 So.2d 340:
"An application for severance is addressed to the trial court's sound discretion and the order thereon will not be reversed except for palpable abuse of judicial discretion."
On appeal, the burden of showing the abuse of judicial discretion is cast upon the appellant. Jackman v. State, Fla.App. 1962, 140 So.2d 627. We are of the opinion that appellant has failed to carry that burden here.
*430 Finally, appellant asserts that there is insufficient competent evidence to support conviction. Upon a thorough examination of the record on appeal, it appears that there was evidence before the jury from which they, as reasonable men, could have found the verdict returned. In such a circumstance, it is the duty of the appellate court to uphold the verdict and judgment. Perry v. State, Fla.App. 1962, 143 So.2d 528.
No prejudicial error has been made to appear. Accordingly, for the reasons above expressed, we affirm.
Affirmed.