278 So.2d 280 (1973)
STATE of Florida, Petitioner,
v.
George E. MATHIS, Respondent.
No. 43081.
Supreme Court of Florida.
May 23, 1973.
Robert L. Shevin, Atty. Gen., Andrew I. Friedrich and Michael M. Corin, Asst. Attys. Gen., for petitioner.
Richard L. Jorandby, Public Defender, and Norman J. Kapner, Asst. Public Defender, for respondent.
DEKLE, Justice.
Petition for certiorari brings for our review an opinion by the Fourth District Court of Appeal, reported at 267 So.2d 846. Conflict is apparent with Adjmi v. State, 139 So.2d 179 (Fla.App.3d 1962), vesting conflict jurisdiction.[1]
Respondent-defendant was arrested on charges of robbery. During an interrogation, respondent waived his Miranda rights and made an inculpatory statement. This statement was admitted into evidence at the trial. In his closing argument to the jury, *281 defense counsel reminded the jury to consider the voluntariness of the statement made by defendant. The prosecutor responded to defense counsel's argument by saying:
"In the evening time  in the fact of the matter, late at night  it was 11:00, I believe or around that time; 11:30  they gave him another set of rights. It was signed by him in front of Whipple. He gave Whipple a confession. Davenport came in and read the whole thing to him again, and then read over his statement here because  I don't want to use his term  it is a statement about what he thinks happened and he signed that up there in the Detective Bureau.
"Now, did you hear one thing about him getting beaten up or somebody was pounding on his head, forcing him into this? Not a word about it. Mr. Mathis came forward with that on his own hook. He said, yes, here is what happened and here there are two things in this confession."
Defense counsel objected and moved for a mistrial which the court denied. Subsequently, the jury found the defendant guilty and the judge sentenced him to life imprisonment.
The Fourth District Court of Appeal in a 2-1 decision said the above-quoted remarks inferred "(if not in fact directly)" that the defendant failed to testify violating Crim. Rule 3.250, 33 F.S.A. (former Fla. Stat. § 918.09). Relying on our decision in Trafficante v. State, 92 So.2d 811 (Fla. 1957), the district court said this error could not be considered as harmless and accordingly reversed with instructions for a new trial.
Here the challenged remark in closing argument of the prosecutor falls into the category of general comment as in Adjmi and was really an "invited response" by the preceding argument of defense counsel regarding the same subject. It was a fair reply not violative of the Rule and which we would approve in these circumstances.
In saying, "Now, did you hear one thing about him getting beaten up or somebody was pounding on his head, forcing him into this?", the prosecutor was not referring to the fact that defendant did not testify as suggested by the district court. The prosecutor, quite clearly, was indicating that there was simply no evidence on the involuntariness of the confession. Consequently, these remarks were not directed to defendant's failure to testify. Judge Mager's well analyzed dissent further amplifies the point.
Certiorari is accordingly granted; the opinion of the district court is hereby quashed and remanded for reinstatement of the trial court's judgment of conviction and sentence to life imprisonment.
It is so ordered.
CARLTON, C.J., and ADKINS, BOYD and McCAIN, JJ., concur.
NOTES
[1] Fla. Const., Art. V. § 3(b) (3) 1973, F.S.A.