MANN, Chief Judge.
The prosecutor is rescued from an excess of zeal by the harmless error rule. We need not determine whether Williams, charged with uttering one forged check, was prejudiced by proof that he uttered three. Nor do we need to point out that the prosecutor’s continued reference to Williams’ failure to discuss the case with a police officer was erroneous. State v. Galasso, Fla.1968, 217 So.2d 326, makes it clear that it was, but Williams’ guilt appears beyond any reasonable doubt even after excluding all of the evidence which is alleged to be improper. Consequently, under the rule pronounced in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969), we must affirm. See also State v. Jones, Fla.1967, 204 So.2d 515.
Affirmed.
BOARDMAN and GRIMES, JJ., concur.