303 So.2d 369 (1974)
John MABERY, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-457.
District Court of Appeal of Florida, Third District.
November 26, 1974.
*370 Phillip A. Hubbart, Public Defender, Ullman, Kimler & Entin, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PEARSON, Judge.
A jury found the appellant 1) guilty of entering, without breaking, a dwelling with intent to commit therein a felony, to wit, grand larceny, and 2) guilty of grand larceny. Upon adjudication of guilt, appellant was sentenced to two concurrent five year sentences. On this appeal, six points for reversal are presented. We find no prejudicial error in the record and we, therefore, affirm.
One of appellant's points argues that the evidence was insufficient. We have reviewed the record in the light of the argument upon this point and find the evidence of appellant's guilt to be not only sufficient, but also strong, clear and certain. The only real question presented to the jury was the credibility of the defendant's testimony that he did not intend to steal the television set involved but rather was moving it to another house for a third party.
Appellant's main focus on this appeal is directed to the court's failure to grant a mistrial upon the following argument to the jury of the state attorney: "In fact, when he [the defendant] is going to go get up on the stand and tell you something where it is questionable, he should bring witnesses to testify on his behalf." The argument of the state attorney was improper. It is not the defendant's duty to prove his innocence. Davis v. State, Fla. 1956, 90 So.2d 629. Nevertheless, we do not find reversible error in this case because, other than the unfortunate statement quoted, the tenor of the state attorney's argument was not improper. The State is permitted to comment upon the essential unbelievability of a defendant's testimony. See Fitzgerald v. State, Fla.App. 1969, 227 So.2d 45. The State may also show that certain testimony is uncontraverted. Clinton v. State, 56 Fla. 57, 47 So. 389 (1908).
The decision as to whether a particular comment to the jury constitutes reversible error must depend upon the circumstances of a particular case. State v. Jones, Fla. 1967, 204 So.2d 515; Woodside v. State, Fla.App. 1968, 206 So.2d 426.
We point out once again that the proper procedure to follow where improper remarks are made that are not by their very existence of such an inflammatory nature as to deny a fair trial is to object and to move for corrective instructions. A mistrial is the remedy when the corrective instruction is denied or is inadequate or when the offense is repeated. See Perry v. State, 146 Fla. 187, 200 So. 525 (1941), and Feldman v. State, Fla.App. 1967, 194 So.2d 48. In the case now before us, we hold that no abuse of the trial judge's discretion has been demonstrated upon his failure to declare a mistrial.
Appellant's remaining points have been examined and do not present error.
Affirmed.