348 So.2d 368 (1977)
Edward Leonard WHITE, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 75-980, 76-805.
District Court of Appeal of Florida, Third District.
July 19, 1977.
Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Margarita Esquiroz, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and PEARSON and NATHAN, JJ.
PER CURIAM.
These consolidated appeals are by the same defendant. The first is from the judgment of guilty pursuant to a jury verdict of the crimes of (1) robbery, (2) unlawful possession of a firearm while engaged in a criminal offense, and (3) aggravated assault. The defendant also appeals the sentences, which were as follows: life imprisonment for robbery, five years to run concurrently with life for the firearm charge and five years to run concurrently with life for the aggravated assault. The second appeal is from the denial of a post-trial motion pursuant to Fla.R.Crim.P. 3.850.
Turning first to the points raised for reversal of the judgment, the defendant contends that the court committed reversible error by a remark which could be interpreted as a comment upon the evidence.[1]
*369 No objection was made to the comment and, thus, the trial court was deprived of the opportunity to correct the somewhat strained construction now placed by the defendant upon the comment of the trial judge. Defendant relies upon Raulerson v. State, 102 So.2d 281 (Fla. 1958). He admits that the comment would not ordinarily be reversible in the absence of an objection thereto. See Ashford v. State, 274 So.2d 517 (Fla. 1973). He urges, however, that under the unique facts of this case, the alleged transgression of the trial court should be considered fundamental error. The unique fact referred to by the defendant concerns the proposition that because the controlling question before the jury was the identity of the defendant, therefore, the comment had the force of a directed verdict.
We hold that the comment is not fundamental error because it is clear from the context that the judge referred only to the fact that he was sustaining counsel for the defendant's objection and that since the witness was present to testify, it was not necessary to go into secondary evidence. Additionally, we do not find the facts of this case to be so unusual as to require an application of the fundamental error doctrine. The defendant was clearly identified by the witness. He was tied to the robbery by the circumstantial evidence of the presence in his car of the fruits of the robbery and his finger prints were found on the cash register box which was robbed. It is true that comments of the court must be carefully scrutinized to see that they do not deprive the defendant of a fair trial at the hands of the jury. See Seward v. State, 59 So.2d 529 (Fla. 1952). We hold that a careful scrutiny of this record reveals no substantial possibility of prejudice. Cf. Lister v. State, 226 So.2d 238 (Fla. 4th DCA 1969).
The second point relied upon by the defendant for reversal is a statement by the prosecuting attorney in closing argument which defendant says may have been interpreted by the jury as a comment upon the defendant's failure to take the stand. In referring to the testimony of the eyewitness, the prosecuting attorney said, "You haven't heard one word of testimony to contradict what she has said, other than the lawyer's argument." If the evidence presented a situation where the only person who could have contradicted the witness's testimony was the defendant himself, then this comment might be interpreted as the defendant suggests. We hold that in this case, where the testimony of several witnesses was heard and there was nothing in the testimony to show that the defendant was not present at the scene of the crime, that the statement by the state's attorney was a fair comment upon the evidence. We, therefore, find no error upon authority of State v. Jones, 204 So.2d 515 (Fla. 1967); Woodside v. State, 206 So.2d 426 (Fla. 3d DCA 1968); and Mabery v. State, 303 So.2d 369 (Fla. 3d DCA 1974).
The third point presented urges that the sentence for display of a firearm during the commission of a felony is illegal because defendant was also convicted of the felony, i.e., robbery. See Cone v. State, 285 So.2d 12 (Fla. 1973). This court has previously *370 dealt with this problem in Johnson v. State, 338 So.2d 556 (Fla. 3d DCA 1976). Following the reasoning of that case, we find that no error has been shown upon the sentence.
The appeal from the denial of the motion to vacate is likewise without merit. The basis of the motion was defendant's contention that a motion for continuance by assigned counsel should not be charged against him in computing the time under the speedy trial rule. See Fla.R.Crim.P. 3.191(a)(1). A specially appointed public defender has been unable to find support for the defendant's proposition and we know of none. We, therefore, affirm the denial of the motion upon authority of Brown v. State, 328 So.2d 497 (Fla. 3d DCA 1976).
The judgment, sentences and ruling on the motion are affirmed.
NOTES
[1] . I ask you, please, to turn over that composite [the photographs], turn it over, and do you see your signature on the back of that?
A. Yes.
Q. Do you recognize that as having been your signature?
A. Yes, ma'am.
Q. Did you mark that down yourself?
A. I did.
Q. And accordingly, was anyone present when you did this?
A. Yes, Detective Mueller.
Q. Was there a court stenographer that took everything down that was said?
A. Yes."
The prosecutor then referred to the prior objection of defense counsel, which prompted a response from counsel and the following comment by the trial court:
"MS. GURALNICK [Assistant State Attorney]: Judge, this is what the objection was to prior by the defense attorney, with reference to this.
MR. KLEIN [counsel for the defendant]: I think her testimony, her statement, is not in order. She is here to testify.
MS. GURALNICK: All that she is doing is indicating the ones she picked out before.
THE COURT: She has testified from the stand. You don't need anything else."