377 So.2d 1149 (1979)
Edward Leonard WHITE, Petitioner,
v.
STATE of Florida, Respondent.
No. 52250.
Supreme Court of Florida.
September 27, 1979.
Rehearing Denied January 17, 1980.
Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, Miami, for petitioner.
Jim Smith, Atty. Gen. and Margarita Esquiroz, Asst. Atty. Gen., Miami, for respondent.
ADKINS, Justice.
By petition for certiorari we have for review a decision of the Third District Court of Appeal (White v. State, 348 So.2d 368 (Fla.3d DCA 1977)), which allegedly conflicts with a prior decision of the court (Cone v. State, 285 So.2d 12 (Fla. 1973)), and a subsequent decision of the court (Johnson v. State, 366 So.2d 418 (Fla. 1978)) on the same point of law. Art. V, § 3(b)(3), Fla. Const.
Appellant, defendant below, was convicted of robbery, unlawful possession of a firearm while engaged in a criminal offense, and aggravated assault. He was sentenced to life imprisonment for robbery, five years for the firearm charge and five years for the assault charge, all sentences *1150 to run concurrently. His conviction was affirmed by the district court of appeal, the court holding that the sentence for display of a firearm during commission of a felony was proper. This issue has been resolved by this Court:
... The issue now presented to us is whether one who is convicted under such circumstances both of robbery and display of a firearm during the commission of that robbery can be separately sentenced for each offense. In Cone we answered this question in the negative and we now reaffirm that holding.
Johnson v. State, 366 So.2d at 419.
The decision of the district court of appeal conflicts with the decisions cited above; we have jurisdiction.
The defendant also seeks reversal of his conviction on the basis of allegedly improper prosecutorial comment. There was only one witness to the crimes, other than the defendant. In referring to the testimony of the eye witness in closing argument, the prosecutor said, "You haven't heard one word of testimony to contradict what she has said, other than the lawyer's argument." 348 So.2d at 369. Defendant objected to this statement and moved for a mistrial. The motion for mistrial was denied and this ruling was affirmed by the district court of appeal. It is proper for a prosecutor in closing argument to refer to the evidence as it exists before the jury and to point out that there is an absence of evidence on a certain issue. State v. Jones, 204 So.2d 515 (Fla. 1967). See also State v. Mathis, 278 So.2d 280 (Fla. 1973). It is thus firmly embedded in the jurisprudence of this state that a prosecutor may comment on the uncontradicted or uncontroverted nature of the evidence during argument to the jury. See State v. Jones, supra, at 516-517; Clinton v. State, 56 Fla. 57, 47 So. 389 (1908); Gray v. State, 42 Fla. 174, 28 So. 53 (1900); Mabery v. State, 303 So.2d 369 (Fla.3d DCA 1974); Woodside v. State, 206 So.2d 426 (Fla.3d DCA 1968).
That portion of the decision of the district court of appeal affirming the conviction is approved, but the portion affirming the sentence is quashed and the cause is remanded to the district court of appeal with instructions to affirm the conviction but vacate the sentence and remand same to trial court with instructions to impose an appropriate sentence.
It is so ordered.
ENGLAND, C.J., and BOYD, OVERTON and SUNDBERG, JJ., concur.