382 So.2d 838 (1980)
Charles Gale GOSNEY, Appellant,
v.
STATE of Florida, Appellee.
No. 78-2334/T4-272.
District Court of Appeal of Florida, Fifth District.
April 16, 1980.
Richard L. Jorandby, Public Defender, and Jon May, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Gregory C. Smith, Legal Intern, and Richard W. Prospect, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Charles Gale Gosney was convicted of aggravated assault and attempted aggravated assault after a jury trial. He raises two primary points on appeal: first, that the prosecutor's remarks during voir dire examination *839 constituted improper comment on the appellant's right to remain silent; and second that certain comments by the prosecutor during closing argument were so inflammatory and outrageous as to have denied him a fair trial.
While the prosecutor was addressing the prospective jurors, he asked whether any of them would not want to serve on the panel because it was an aggravated assault case. One juror responded: "I'm not sure if I could be open-minded, or not. I might be but I know I really don't understand violent people, and I don't know if I'll be prejudiced, or not." The juror continued to express doubts about being open-minded.[1] The prosecutor then said: "Well, of course, at this point you all don't really know the facts of this case, and it wouldn't really be fair to discuss them with you. But if you were picked on the jury, do you think you could wait until you've heard the state's side and the defense's side, all the evidence in the case?" Defense counsel objected and moved for a mistrial on improper comment. Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); Clark v. State, 363 So.2d 331 (Fla. 1978). The trial court took the matter under advisement, but before the prosecution completed its case, it denied the motion. The appellant took the stand in his own defense and testified about the events leading to the charges against him. His testimony was contradicted by the state's witnesses Clara Randall and Philip A. France, and the jury chose to believe them rather than Gosney.
Whether or not the prosecutor's remark is improper comment depends upon the full context in which it was made at the voir dire, and whether the jury could fairly conclude the prosecutor meant that the defendant, if innocent, could explain the circumstances, but if guilty, would not. David v. State, 369 So.2d 943 (Fla. 1979). The context of these challenged remarks related to whether a juror could keep an open mind, until both the state and the defense presented their "sides" of the case. The "side" of a case could be other witnesses, and argument by counsel. It need not be construed as a reference to testimony by the defendant, and in the context in which the remarks occurred  a quarrelsome juror uncertain about keeping an open mind  we do not think the jurors fairly or even possibly understood it as a reference to the defendant's possible future failure to testify at the trial. State v. Jones, 204 So.2d 515 (Fla. 1967).
The testimony established that the appellant threatened Clara Randall with a knife carried in his hand; and that she retreated to her home, locked the screen and obtained a gun to defend herself. She said he had a wild, angry look in his eyes, and she was very frightened. Philip A. France, Mrs. Randall's insurance agent, drove up to her house, but upon seeing the appellant, he decided not to stop. Gosney waived his arms and frightened France by the wild angry look on his face. France noted the motorcycle chain on his belt, and the knife sheath and belt around his waist. He saw Gosney running after him, with his hands near the knife sheath. France speedily turned his car around and sped past Gosney, out of the neighborhood.
Gosney testified that he had previously been convicted of some unspecified crimes, and that he kept three Doberman Pinchers at his home. When the police arrested him shortly after his encounters with Clara Randall and Philip France, they found two knives on his person, one a large hunting type knife in a sheath on his belt, and a motorcycle chain. He said he used the buck knife for "wiring purposes" at his work, but he was not working that day. He did not explain the presence of the motorcycle chain. Gosney testified that he thought Philip France was trying to run him down in the car, and that if he'd caught him, he intended to harm him. He also testified that he was angry and extremely mad that day. He thought Clara Randall's husband shot a pistol at him the night before.
In his closing argument the prosecutor said: "What kind of a guy is the *840 defendant? ... The defendant is the kind of person who thinks the world is out to get him." Defense counsel objected, but the trial court ruled it was a proper comment on the evidence. Considerable latitude is allowed the prosecutor in closing argument, and logical inferences based on the record are permissible. Whitney v. State, 132 So.2d 599 (Fla. 1961); Spencer v. State, 133 So.2d 729 (Fla. 1961). These appear to fall within the permissible realm.
The prosecutor, continuing with his closing argument, said:
First of all he owns three Doberman Pinchers. Does that say anything about his character, his point of view... .
That his motive for the whole thing, the defendant is paranoid... .
Now, is that the action of a rational person who is just going up the street to get some cold drinks.
This is the kind of a knife that an unreasonable person carries around, a paranoid criminal type of person... .
Defense counsel failed to object to any of these statements. In fact, defense counsel repeated the prosecutor's language at least twice, denying that the evidence showed appellant was a "paranoid criminal type." Because no timely objection was made, we cannot review these comments as grounds to reverse this appeal. Thomas v. State, 326 So.2d 413 (Fla. 1976); State v. Jones, 204 So.2d 515 (Fla. 1967).
AFFIRMED.
DAUKSCH, C.J., and SHARP, G.K., Associate Judge, concur.
NOTES
[1] Ultimately this juror was excused and did not serve on the jury panel.