389 So.2d 221 (1980)
Willie Lee ELAM, Appellant,
v.
STATE of Florida, Appellee.
No. 79-1053/T4-545.
District Court of Appeal of Florida, Fifth District.
September 17, 1980.
Rehearing Denied October 21, 1980.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, Chief, App. Div., West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Phillip D. Havens, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Appellant was found guilty by a jury of the offense of burglary of a dwelling and was sentenced as an habitual offender.
Betty and Earl Penson awoke at 3:00 a.m. on May 2, 1978, to find an intruder in their home. Earl chased him out of the house while Betty checked on her children. The police later that morning apprehended appellant who was identified by the Pensons as the intruder. Appellant also had possession of certain items stolen from the house.
Appellant did not testify at the trial. In summation, the prosecutor said:
The case evidence is consistent. It put the defendant right at the scene of the crime at the time it occurred. This is according to Earl Penson. But Earl Penson's testimony is corroborated. That means it is supported by what police officers say. They caught the defendant there a very short time after the burglary occurred, wearing the same clothes that Earl said he had on and in possession of the stolen articles that she didn't even know were stolen yet. She hadn't even checked to find out the rings were stolen and the police officer already had them. This evidence is uncontradicted and unrefuted.
Appellant objected and moved for a mistrial, which was denied. He contends that this argument was an impermissible comment on his right to remain silent, citing Griffin v. California, 380 U.S. 609, 85 S.Ct. *222 1229, 14 L.Ed.2d 106, reh. den. 381 U.S. 957, 85 S.Ct. 1797, 14 L.Ed.2d 730 (1965), and Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, 24 A.L.R.3d 1065, reh. den. 386 U.S. 987, 87 S.Ct. 1283, 18 L.Ed.2d 241 (1967). We disagree and affirm.
The remarks by the prosecutor were permissible comments on the evidence and were not comments on appellant's right to remain silent.
It is proper for a prosecutor in closing argument to refer to the evidence as it exists before the jury and to point out that there is an absence of evidence on a certain issue. State v. Jones, 204 So.2d 515 (Fla. 1967). See also State v. Mathis, 278 So.2d 280 (Fla. 1973). It is thus firmly embedded in the jurisprudence of this state that a prosecutor may comment on the uncontradicted or uncontroverted nature of the evidence during argument to the jury. See State v. Jones, supra, at 516-517; Clinton v. State, 56 Fla. 57, 47 So. 389 (1908); Gray v. State, 42 Fla. 174, 28 So. 53 (1900); Mabery v. State, 303 So.2d 369 (Fla. 3d DCA 1974); Woodside v. State, 206 So.2d 426 (Fla. 3d DCA 1968).
White v. State, 377 So.2d 1149, 1150 (Fla. 1979).
This court has also held such argument proper in Smith v. State, 378 So.2d 313 (Fla. 5th DCA 1980) wherein we said:
Indeed, if a prosecutor could not make fair comment on the fact that the State's evidence of guilt was uncontroverted, what would be left for him to argue in a case where the defendant declined to testify?
Finding no error in the proceedings, the judgment and sentence are
AFFIRMED.
FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.