GLICKSTEIN, Judge,
concurring specialty-
Appellant seeks review of a judgment adjudging him guilty of grand theft and sentencing him to five years imprisonment. I have considered all his arguments and believe one warrants discussion, but not reversal; namely, his allegation that prosecu-torial remarks during closing arguments constituted reversible error.
After the first part of defense counsel’s closing argument, but during his own, the prosecutor stated:
Now, the question for you to decide is did the defendant do it? And in opening statement, I alluded to that fact. Now, you heard Mr. Kramer. And quite frankly, the entire argument should begin, “Once upon a time,” because it is a fairy tale. It’s an absolute fairy tale and a smokescreen. It is significant in what it omits and in what Mr. Kramer promised you he was going to show you in his opening statement. He said that he would prove that there were absolute falsehoods on the part of the State. Where are they?
There’s a certain amount of confusion from a befuddled woman who doesn’t perhaps know the difference between two minutes and five minutes.
Mr. Kramer also said he was going to show you how Corporal Lindsey had not told the truth about the warning shots. You heard Fonda Cook testify she didn’t know. She didn’t know if there were two warning shots or one shot directed at the defendant and one shot was a warning shot. You heard the officer testify that he came on the scene, saw the defendant at once, he saw him once, twice, three times. He chased him 300 feet. He said he called on him to stop, and he didn’t. Okay?
The fingerprints. Red herring, as it were, dragged across. Just like a football player. I don’t know if many of you are football fans, but I like to call it “misdirection.” Because Mr. Kramer and his client don’t want to talk about the evidence, they don’t want to talk — you didn’t hear them talk about the inferences — [Emphasis supplied.]
Appellant contends that, because he did not take the stand or present other evidence, the foregoing remarks were improper comments on his right to remain silent. A review of the trial transcript, however, shows they were a retort to defense counsel’s argument — not a commentary on appellant’s silence — intended solely to steer *1187 the jury back on the course the prosecutor had charted.
In his attempt to steer the jury, the prosecutor referred to the fingerprints because of the frequency with which they and a palm print became a heated issue throughout the trial. Both had been found at the scene, but the fingerprints were of insufficient quality for comparison and the palm print was never compared with those of appellant because the court order requiring appellant to be fingerprinted had expired and the prosecutor was on military leave when another order should have been obtained. These issues, as well as the prospective testimony of the State’s fingerprint expert, were discussed during the trial in two lengthy conferences outside the jury’s presence. Commenting on this topic during the first part of his closing argument, defense counsel had said:
Now, George Miller testified that the prints that were given to him by Officer Lindsey were not of sufficient quality, the fingerprints weren’t. But what about that palm print? You know, don’t the police have a duty to do everything to try to prove a person’s innocence as well as trying to prove a person is guilty? Don’t the police officers — shouldn’t they have that responsibility, too? The procedures were there for them to get—
No doubt this remark was the straw that broke the camel’s back, prompting the complained of rebuttal by the prosecutor who knew why the palm print comparison was not made. Consequently, the prosecutor’s use of the words “his client,” “they,” and “them” were the result of heat, not light, and we certainly should not put our imprimatur on them. Nevertheless, while speaking for the supreme court in Jones v. State, 204 So.2d 515, 517 (Fla.1967), the late, then retired, Circuit Judge Joseph S. White said:
In making a comparison with previous decisions on the subject, it is important to analyze the prosecutor’s argument in the light of the circumstances in each case.
I have done that in this case and, on balance, conclude the prosecutor did not go beyond the pale.