445 So.2d 673 (1984)
Pathos LAMPKIN, Sr., Appellant,
v.
STATE of Florida, Appellee.
No. 82-2103.
District Court of Appeal of Florida, Fourth District.
February 22, 1984.
*674 Richard L. Jorandby, Public Defender, and Cathleen Brady, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Max Rudmann, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
Pathos Lampkin, Sr., appeals from the judgment and sentence rendered after a jury found him guilty on three counts: (1) carrying a concealed firearm; (2) possession of a firearm by a convicted felon; and (3) driving under the influence. Before appellant's trial, defense counsel moved to exclude evidence of Lampkin's refusal to take a breathalyzer test and also moved to exclude evidence of the nature of Lampkin's previous conviction. The trial court denied both motions. At the close of the trial, the prosecutor's argument contained certain statements the appellant alleges improperly referred to his failure to testify.
Appellant contends the trial court erred by admitting evidence of his refusal to take a breathalyzer test. Without reaching the merits of appellant's contention, we find sufficient competent evidence in the record to establish appellant's intoxication. In Grala v. State, 414 So.2d 621 (Fla. 3d DCA 1982), the district court found that an improper admission of actual test results constituted only harmless error where other competent evidence established the appellant's state of intoxication. Thus we find no reversible error in the admission of appellant's refusal to take the test.
We note that after appellant's arrest section 316.1932, Florida Statutes (Supp. 1982) became effective. Subsection (1)(a) provides in part that evidence of a refusal to take a breathalyzer test "shall be admissible into evidence in any criminal proceeding." The United States Supreme Court, in construing a similar South Dakota statute, approved the admissibility of the refusal in South Dakota v. Neville, 459 U.S. ___, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983). Relying on Neville, the Second District Court of Appeal held section 316.1932(1)(a), Florida Statutes, to be constitutional. State v. Pagach, 442 So.2d 331 (Fla. 2d DCA 1983). We agree with the holding of the Second District.
Regarding the other points raised by the appellant, we find no error in the *675 trial court's admission of a certified copy of appellant's prior conviction, see Parker v. State, 408 So.2d 1037, 1038 (Fla. 1982) and we find no impropriety in the prosecutor's remarks made during closing argument, see White v. State, 377 So.2d 1149 (Fla. 1979). Accordingly, we affirm the judgment and sentence rendered by the trial court.
ANSTEAD, C.J., and HERSEY, J., concur.