473 So.2d 700 (1985)
Art CRAWFORD, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 83-1322.
District Court of Appeal of Florida, Fourth District.
March 27, 1985.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Crawford appeals his convictions of sexual battery and robbery. We reverse and remand for a new trial because a state witness improperly commented on defendant's right to remain silent.
In response to a question put by the prosecutor, a police officer testified that the defendant, having been advised of his Miranda rights and having answered a few preliminary questions, "decided not to answer any more of my questions." Defense counsel objected to the officer's statement, contending that it constituted an improper comment on the defendant's decision to remain silent. Counsel also moved for a mistrial. The motion was denied.
It is elemental that comments on an accused's exercise of his right to remain silent violate the Fifth Amendment privilege against self-incrimination. DiGuilio v. State, 451 So.2d 487 (Fla. 5th DCA 1984); Smith v. State, 342 So.2d 990 (Fla. 3d DCA 1977); see also Harris v. State, 438 So.2d 787 (Fla. 1983). Moreover, any comment "fairly susceptible" of being interpreted by a jury as referring to a criminal defendant's exercise of his or her right to remain silent constitutes reversible error without resort to the harmless error doctrine. Brazil v. State, 429 So.2d 1339 (Fla. 4th DCA 1983); DiGuilio, supra.
The state contends that the rule enunciated in the authorities cited above is inapplicable to this case since the defendant allegedly never exercised his right to remain silent. We find this argument unpersuasive. *701 This case is distinguishable from those cases in which an accused voluntarily spoke with interviewers but refused to answer a few select questions. See, e.g., State v. Prieto, 439 So.2d 288 (Fla. 3d DCA 1983). The record here demonstrates that Crawford answered only a few preliminary questions and then unequivocally refused to answer any further questions. Clearly, this constituted an exercise of his right to remain silent.
The officer's comments impermissibly directed the jury's attention to defendant's exercise of his right to remain silent. Under existing Florida law the harmless error doctrine is inapplicable. Consequently, we reverse despite overwhelming evidence of guilt. We do, however, note that the United States Supreme Court has permitted application of the harmless error doctrine in a similar case. See United States v. Hasting, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983). Therefore, we certify the following question as one of great public importance:
May the harmless error doctrine be applied to cases in which a witness's testimony violated a defendant's right to remain silent under the Fifth Amendment?[1]
The cause is reversed and remanded for a new trial.
DOWNEY and HURLEY, JJ., concur.
GLICKSTEIN, J., concurs specially with opinion.
GLICKSTEIN, Judge, concurring specially.

I
I find I must concur because of holdings of the Florida Supreme Court and intermediate appellate courts of this state. I shall mention only a few out of many. In David v. State, 369 So.2d 943 (Fla. 1979), our supreme court wrote:
A prosecutor's comment on defendant's failure to testify is a serious constitutional violation. See, e.g., Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); cf. Grunewald v. United States, 353 U.S. 391, 77 S.Ct. 963, 1 L.Ed.2d 931 (1957).
Any comment which is "fairly susceptible" of being interpreted by the jury as referring to a criminal defendant's failure to testify constitutes reversible error, without resort to the harmless error doctrine. E.g., Trafficante v. State, 92 So.2d 811 (Fla. 1957);

Kolsky v. State, 182 So.2d 305 (Fla. 2d DCA 1966); Milton v. State, 127 So.2d 460 (Fla. 2d DCA 1961); cf. King v. State, 143 So.2d 458, 464-466 (Fla. 1962) (Hobson, J., concurring).
Id. at 944.
In Rowell v. State, 450 So.2d 1226 (Fla. 5th DCA 1984), the Fifth District Court analyzed State v. Murray, 443 So.2d 955 (Fla. 1984), and concluded the Florida Supreme Court had not therein adopted the United States Supreme Court's holding in United States v. Hasting, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983), that the harmless error doctrine applies in criminal cases where there has been comment on the accused's exercise of his Fifth Amendment right to remain silent. The Fifth District Court concluded that such cases as Donovan v. State, 417 So.2d 674 (Fla. 1982); Bennett v. State, 316 So.2d 41 (Fla. 1975); DeGuilio v. State, 451 So.2d 487 (Fla. 5th DCA 1984); and Ford v. State, 431 So.2d 349 (Fla. 5th DCA 1983), continue to state the pertinent law in Florida. In short, there is still a per se rule that any comment at trial that is fairly susceptible of interpretation as a comment on the accused's exercise of his right to remain silent is reversible error without regard to the harmless error doctrine.

II
We are appropriately certifying here a question that requires resolution by this *702 state's highest court. I would point out that the recent decision of this court which certified the same question, Marshall v. State, 463 So.2d 375 (Fla. 4th DCA 1984), did not, however, mention two earlier decisions with which, I feel, it may conflict. The first is White v. State, 377 So.2d 1149 (Fla. 1979), cert. denied, 449 U.S. 845, 101 S.Ct. 129, 66 L.Ed.2d 54 (1980), which held:
There was only one witness to the crimes, other than the defendant. In referring to the testimony of the eye witness in closing argument, the prosecutor said, "You haven't heard one word of testimony to contradict what she has said, other than the lawyer's argument." 348 So.2d at 369. Defendant objected to this statement and moved for a mistrial. The motion for mistrial was denied and this ruling was affirmed by the district court of appeal. It is proper for a prosecutor in closing argument to refer to the evidence as it exists before the jury and to point out that there is an absence of evidence on a certain issue. State v. Jones, 204 So.2d 515 (Fla. 1967). See also State v. Mathis, 278 So.2d 280 (Fla. 1973). It is thus firmly embedded in the jurisprudence of this state that a prosecutor may comment on the uncontradicted or uncontroverted nature of the evidence during argument to the jury. See State v. Jones, supra, at 516-517; Clinton v. State, 56 Fla. 57, 47 So. 389 (1908); Gray v. State, 42 Fla. 174, 28 So. 53 (1900); Mabery v. State, 303 So.2d 369 (Fla. 3d DCA 1974); Woodside v. State, 206 So.2d 426 (Fla. 3d DCA 1968).
The second is a decision of this court, Lampkin v. State, 445 So.2d 673 (Fla. 4th DCA 1984). Although the opinion does not recite the prosecutor's comments, the briefs reflect that the prosecutor said:
There's only been one version of facts given from that chair right there and B.R. Johnson (policeman) made that version and said the gun was in the middle of the seat.
The defendant was the only person other than the policeman who could have testified as to the location of the gun.
The Supreme Court should be aware of these two cases in its consideration of Marshall and of the instant case. I fail to see how Marshall differs from White or Lampkin, but it represents the opinion of this court, which by its mode of operation is balkanized into diverse panels of three or majorities thereof.

III
The facts in this record establish without contradiction that the young prosecutrix, who had never experienced sexual intercourse before the date in question, was terrorized by the defendant for hours, during which period he held a knife at her throat to force her out of an automobile and into an apartment; held her at knifepoint while he forced her to undress; placed his penis in her mouth, and forced her to make him ejaculate there; then forced vaginal intercourse with her; then forced her to go to her bank and withdraw $500 from the bank, which he took from her along with other money she had in her possession.
It is, factually, an appropriate case for application of the following test adopted by the United States Supreme Court in Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967):
[b]efore a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt.
In my view, such could be said in the present case; and affirmance would be justified, but for our intermediate role in the judicial process,[2] about which I previously wrote while concurring in Boatwright v. State, 452 So.2d 666, 669 (Fla. 4th DCA 1984), wherein I discussed Hasting vis-a-vis State v. Murray, 443 So.2d 955 (Fla. 1984). Stated another way, again using language from Chapman, absent the *703 constitutionally forbidden comments, honest, fair-minded jurors could hardly have brought in not guilty verdicts. Further, again paraphrasing Chapman, we can safely say, in my view, that the error did not contribute to the defendant's conviction.
Hopefully, the Supreme Court, on review of this case, will adopt Chapman. As I pointed out in the Boatwright opinion, section 924.33, Florida Statutes (1983), exists as this state's harmless error statute. It says:
No judgment shall be reversed unless the appellate court is of the opinion, after an examination of all the appealed papers, that error was committed that injuriously affected the substantial rights of the appellant. It shall not be presumed that error injuriously affected the substantial rights of the appellant.
Also, hopefully, the Supreme Court, will render moot this court's observation in Thornton v. State, 442 So.2d 1104 (Fla. 4th DCA 1983), that Florida's standard is stricter than the federal standard. The people of Florida have tied their Fourth Amendment rights, by constitutional amendment, to interpretations thereof by this country's highest court. Without commenting on the appropriateness of writing such a blank check, this case, to me, is demonstrative evidence of the appropriateness of the Chapman decision in a Fifth Amendment setting.
As a final thought on this point, I realize that there is no federal rule corresponding to our Florida Rule of Criminal Procedure 3.250, which says:
In all criminal prosecutions the accused may at his option be sworn as a witness in his own behalf, and shall in such case be subject to examination as other witnesses, but no accused person shall be compelled to give testimony against himself, nor shall any prosecuting attorney be permitted before the jury or court to comment on the failure of the accused to testify in his own behalf, and a defendant offering no testimony in his own behalf, except his own, shall be entitled to the concluding argument before the jury.
However, I see no conflict between the rule and the harmless error statute in light of Chapman.
NOTES
[1] Similar questions have been certified to the Florida Supreme Court in Marshall v. State, 463 So.2d 375 (Fla. 4th DCA 1984), and Rowell v. State, 450 So.2d 1226 (Fla. 5th DCA 1984).
[2] See, in addition to Rowell v. State, the recent decision in Kearse v. State, 464 So.2d 202 (Fla. 1st DCA 1985).