479 So.2d 106 (1985)
STATE of Florida, Petitioner,
v.
Richard Wayne SHEPERD, Respondent.
No. 64369.
Supreme Court of Florida.
November 25, 1985.
Jim Smith, Atty. Gen. and Calianne P. Lantz, Asst. Atty. Gen., Miami, for petitioner.
N. Joseph Durant, Sp. Asst. Public Defender of Gelber, Glass and Durant, Miami, for respondent.
ADKINS, Justice.
This cause is before the Court because the decision of the Third District Court of Appeal, Sheperd v. State, 436 So.2d 232 (Fla. 3d DCA 1983), expressly and directly conflicts with prior decisions of this Court, White v. State, 377 So.2d 1149 (Fla. 1979), and Wilson v. State, 436 So.2d 908 (Fla. 1983). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Pursuant to jury verdict, respondent was adjudged guilty of the crimes of sexual battery, burglary and attempted second-degree murder. In closing argument, the prosecutor made the following comment:
We've heard a lot of allegations with respect to a defense and I must confess to you, when I sat down to prepare my closing remarks, I had a lot of difficulty in trying to figure out exactly what the defense was going to be, because, frankly, for my purpose, I haven't heard any.
Immediately following this comment, defense counsel moved for a mistrial alleging *107 that the prosecutor improperly commented on the defendant's right not to testify. The trial judge denied the request.
On appeal, the Third District Court of Appeal reversed and remanded for a new trial. The court ruled that the prosecutor's comment was clearly susceptible of being interpreted by the jury as referring to the defendant's failure to testify.
The state argues that the district court failed to apply the proper standard in concluding that the prosecutor's comment referred to the defendant's failure to testify at trial. However, we have recently reiterated our approval of the standard applied by the district court in this instance. The proper test for reviewing alleged comments on the defendant's failure to testify is whether the comments are fairly susceptible of being interpreted by the jury as comments on the failure to testify. State v. Kinchen, No. 64,043 (Fla. Aug. 30, 1985). However, in this instance the prosecutor's comment was not prejudicial under any applicable standard.
The state asserts that the prosecutorial comment in question was merely a comment upon the uncontradicted nature of the evidence and did not constitute prejudicial error. We agree. It is well settled that a prosecutor may comment on the uncontradicted or uncontroverted nature of the evidence during argument to the jury. White v. State, 377 So.2d 1149, 1150 (Fla. 1979).
In White, we affirmed an order denying a motion for mistrial despite the fact that in referring to the testimony of the eye witness in closing argument, the prosecutor remarked "You haven't heard one word of testimony to contradict what she has said, other than the lawyer's argument." 377 So.2d at 1150. In Wilson v. State, 436 So.2d 908 (Fla. 1983), we refused to overturn the convictions and sentences of appellant finding that a comment made by the prosecutor in final argument concerning the appellant's failure to testify was clearly a personal reference to defense counsel himself and not appellant. 436 So.2d at 910.
In order to clarify exactly when a comment is "fairly susceptible" of being interpreted by the jury as referring to the defendant's failure to testify, we hold that a prosecutorial comment in reference to the defense generally as opposed to the defendant individually cannot be "fairly susceptible" of being interpreted by the jury as referring to the defendant's failure to testify.
The comment in this case refers to the absence of a defense, not the defendant's failure to testify.
Accordingly, the decision of the district court of appeal is quashed and the cause is remanded with directions to reinstate the judgment of the trial court.
It is so ordered.
BOYD, C.J., and OVERTON, McDONALD and SHAW, JJ., concur.
EHRLICH, J., concurs in result only.