## FURIA v STATE OF FLORIDA

Case No. 89-0051-AC A02 (County Court Case Nos. 88-028440-TC A02 and 88-156024-TI A02)

Fifteenth Judicial Circuit, Palm Beach County

February 2, 1990

### APPEARANCES OF COUNSEL

**Jeffrey Anderson, Esquire,** Assistant Public Defender, for appellant.

**Robert S. Jaegers, Esquire,** Assistant State Attorney, for appellee.

Before CARLISLE, COHEN, COLBATH, JJ.

J. CARLISLE, Circuit Judge.

BY ORDER OF THE COURT:

The issue in this case is the propriety of the prosecutor's comment to the jury.

After the selection of the jury, in opening statements, the defense

counsel stated the defendant has cystic fibrosis, which condition affects his equilibrium and also the breath test results.

The only evidence presented by the defense was the testimony of the defendant. He testified he had cystic fibrosis, that one of the medications he took "might" affect his equilibrium.

At the closing of the evidence defense counsel argued:

"But as testimony has proven, Michael's not the average person, he has an illness. The State has not proven or presented any evidence to you how this illness can affect the readings, and I submit to you today that that lack of evidence which the State is suppose to, by its burden, given to you to answer, never did. So what does this mean? We have unanswered questions here."

The prosecution responded in its argument by saying:

"Ladies and gentlemen, it is not the State's burden to bring in medical testimony. It is not our burden. We present the facts and put on all the people that were involved in the case.

"We do not have to explain away if there is any medical problem. I would submit to you if they had anything to add to their case they would have done it."

The defense objected and moved for a mistrial.

If the defendant had not presented any defense it would have been improper for the State to comment on that fact. Likewise, the State cannot make reference to the defendant's failure to testify on his own behalf. But when a defendant presents a defense the State is free to discuss the weakness of that defense. If it is porous the State has the duty to point out the holes. It is proper for a prosecutor in closing argument to refer to the evidence as it exists before the jury and to point out there is an absence of evidence on a certain issue. *White v State,* 377 So.2d 1149.

We affirm.

COHEN, COLBATH, JJ - concur.