PER CURIAM.
This is an appeal by the defendant Saturni-no Serrano from final judgments of conviction and sentences for attempted second-degree murder with a firearm, burglary of an occupied dwelling while armed [together with an assault and battery therein], and simple battery. The defendant presents three points on appeal, none of which present reversible error; accordingly, we affirm.
First, the trial court did not, as urged, commit reversible error by allowing a gunshot residue expert to testify for the state and in denying a motion for continuance to obtain a rebuttal expert witness, even though the identity of the state’s expert was not revealed to defense counsel until the day jury selection began below. The court conducted a Richardson hearing and properly concluded that (1) the discovery violation was not willful, and (2) the defendant was not prejudiced in his preparation for trial by this nondisclosure. The subject expert did not conduct his tests and obtain his results until the eve of trial, following which the defense counsel was promptly informed; moreover, the defendant in his statement to the police and argument to the jury did not deny the ex *69 pert’s opinion in the case, and in effect conceded same to be true, namely, that both the defendant and the victim had touched a firearm in this case; the central issue tried below was whether the defendant or the victim was the aggressor in an otherwise admitted altercation between the defendant and the victim. Given this concession, it was affirmatively shown that the defendant was not prejudiced in his preparation for trial by this late-revealed expert witness; nor was a defense continuance required to obtain a defense rebuttal expert as such a witness would have contradicted, rather than supported the proffered defense in this ease. Cooper v. State, 336 So.2d 1133 (Fla.1976), cert. denied, 431 U.S. 925, 97 S.Ct. 2200, 53 L.Ed.2d 239 (1977).
Second, the defendant’s jury rein-struetion point has no merit as there is no indication in the record that the defendant objected to such reinstruction; moreover, the reinstruction does not present fundamental error. Castor v. State, 365 So.2d 701 (Fla.1978). Finally, we conclude that the defendant’s point concerning the propriety of an argument to the jury made by the prosecuting attorney has no merit. See Breedlove v. State, 413 So.2d 1, 8 (Fla.), cert. denied, 459 U.S. 882, 103 S.Ct. 184, 74 L.Ed.2d 149 (1982); Gosney v. State, 382 So.2d 838 (Fla. 5th DCA 1980).
Affirmed.