PER CURIAM.
Crawford appeals his convictions of sexual battery and robbery. We reverse and remand for a new trial because a state witness improperly commented on defendant’s right to remain silent.
In response to a question put by the prosecutor, a police officer testified that the defendant, having been advised of his Miranda rights and having answered a few preliminary questions, “decided not to answer any more of my questions.” Defense counsel objected to the officer’s statement, contending that it constituted an improper comment on the defendant’s decision to remain silent. Counsel also moved for a mistrial. The motion was denied.
It is elemental that comments on an accused’s exercise of his right to remain silent violate the Fifth Amendment privilege against self-incrimination. DiGuilio v. State, 451 So.2d 487 (Fla. 5th DCA 1984); Smith v. State, 342 So.2d 990 (Fla. 3d DCA 1977); see also Harris v. State, 438 So.2d 787 (Fla.1983). Moreover, any comment “fairly susceptible” of being interpreted by a jury as referring to a criminal defendant’s exercise of his or her right to remain silent constitutes reversible error without resort to the harmless error doctrine. Brazil v. State, 429 So.2d 1339 (Fla. 4th DCA 1983); DiGuilio, supra.
The state contends that the rule enunciated in the authorities cited above is inapplicable to this case since the defendant allegedly never exercised his right to remain silent. We find this argument un *701 persuasive. This case is distinguishable from those cases in which an accused voluntarily spoke with interviewers but refused to answer a few select questions. See, e.g., State v. Prieto, 439 So.2d 288 (Fla. 3d DCA 1983). The record here demonstrates that Crawford answered only a few preliminary questions and then unequivocally refused to answer any further questions. Clearly, this constituted an exercise of his right to remain silent.
The officer’s comments impermissibly directed the jury’s attention to defendant’s exercise of his right to remain silent. Under existing Florida law the harmless error doctrine is inapplicable. Consequently, we reverse despite overwhelming evidence of guilt. We do, however, nóte that the United States Supreme Court has permitted application of the harmless error doctrine in a similar case. See United States v. Hasting, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983). Therefore, we certify the following question as one of great public importance:
May the harmless error doctrine be applied to cases in which a witness’s testimony violated a defendant’s right to remain silent under the Fifth Amendment? [1]
The cause is reversed and remanded for a new trial.
DOWNEY and HURLEY, JJ., concur.
GLICKSTEIN, J., concurs specially with opinion.

. Similar questions have been certified to the Florida Supreme Court in Marshall v. State, 463 So.2d 375 (Fla. 4th DCA 1984), and Rowell v. State, 450 So.2d 1226 (Fla. 5th DCA 1984).