471 So.2d 59 (1985)
Johnnie Lee KNOX, III, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1007.
District Court of Appeal of Florida, Fourth District.
April 24, 1985.
Rehearing Denied July 3, 1985.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for appellee.
GLICKSTEIN, Judge.
This is an appeal from a conviction for attempted sexual battery by appellant upon his eleven year old niece. We reverse and remand for new trial.
The present case is akin to our recently issued decision in Crawford v. State, 473 So.2d 700 (Fla. 4th DCA 1985), in two respects. First, we are reversing a conviction because of a comment on the defendant's right to remain silent and certifying as one of great public importance the same question there certified. Second, absent the constitutionally forbidden comments of the prosecutor, in our view, honest, fairminded juries could hardly have brought in a not guilty verdict, given the testimony of the witness, her grandmother, the examining physician at the sexual assault treatment center, and the investigating deputy sheriff. Accordingly, were we able to do so we would find the federal constitutional error here to be harmless as the error did not contribute to appellant's conviction. Chapman *60 v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967).
During the prosecutor's closing argument the following transpired:
[PROSECUTOR:] I ask you to understand her inconsistencies but as to the statement that he placed his penis against her, as to that, too, you have not heard one word of contradictory evidence to differ.
A short time later in his closing argument the prosecutor stated the following with respect to the statement of the deputy sheriff, who had testified that he overheard appellant telling his sister and mother that he did not know why he did it; and that he hoped they would forgive him:
Now, you can sit there and wish that away for as long as you want, discuss all the possibilities that maybe it wasn't quite that statement, but that's what the testimony was and he [the deputy sheriff] remembered it word for word and as far as the persons who could have confirmed that, the other persons who heard the statement, they are not here. Who are they? The defendant's sister and the defendant's mother and the defendant, as you have been told and it is certainly true, has no obligation whatsoever to put on evidence for you whatsoever, but if there was evidence available, you can consider that there was nothing to contradict it. You can consider that no witness testified that that was not, in fact, the statement. [Emphasis added.]
Appellant moved for a mistrial following both of the above statements, alleging that they were improper comments on his failure to testify. The trial court denied the motions.
We find no fault with the prosecutor's first comment but conclude that his second remark went beyond mere comment on the uncontradicted testimony of witnesses which the supreme court allowed in White v. State, 377 So.2d 1149 (Fla. 1979), cert. denied, 449 U.S. 845, 101 S.Ct. 129, 66 L.Ed.2d 54 (1980).
REVERSED and REMANDED.
LETTS and DELL, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
We deny the state's motion for rehearing except for its request that we certify as being a question of great public importance that which was similarly certified by this court in Marshall v. State, ___ So. ___, 10 F.L.W. 88 (Fla. 4th DCA Dec. 28, 1984).
LETTS, GLICKSTEIN and DELL, JJ., concur.