491 So.2d 1142 (1986)
Art CRAWFORD, Jr., Petitioner,
v.
STATE of Florida, Respondent.
No. 66808.
Supreme Court of Florida.
July 17, 1986.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for petitioner.
Jim Smith, Atty. Gen., and Joy B. Shearer and Eddie J. Bell, Assts. Atty. Gen., West Palm Beach, for respondent.
PER CURIAM.
We have for review Crawford v. State, 473 So.2d 700 (Fla. 4th DCA 1985). In that decision, the district court certified the following question as being of great public importance:
May the harmless error doctrine be applied to cases in which a witness's testimony violated a defendant's right to remain silent under the Fifth Amendment?
Id. at 701. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
We have answered the certified question affirmatively in State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). Accordingly, we quash the decision below and remand with instructions that the Fourth District Court of Appeal review the record in its entirety and determine whether the impermissible comment was in fact harmless in accordance with the standard expressed in DiGuilio:
The [harmless error] test must be conscientiously applied and the reasoning of the court set forth for the guidance of all concerned and for the benefit of further appellate review. The test is not a sufficiency-of-the-evidence, a correct result, a not clearly wrong, a substantial evidence, a more probable than not, a clear and convincing, or even an overwhelming evidence test. Harmless error is not a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence. The focus is on the effect of the error on the trier-of-fact. The question is whether there is a reasonable possibility that the error affected the verdict. The burden to show the error was harmless must remain on the state. If the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful.
Id. at 1139.
It is so ordered.
*1143 McDONALD, C.J., and BOYD, OVERTON and SHAW, JJ., concur.
EHRLICH, and BARKETT, JJ., concur specially with opinions.
ADKINS, J., dissents.
EHRLICH, Justice, concurring specially.
I concur because this case is controlled by State v. DiGuilio, 491 So.2d 1129 (Fla. 1986), for the reasons expressed in the dissenting opinion therein.
BARKETT, Justice, concurring specially.
I concur because this case is controlled by State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). I agree, however, with Justice Adkins' opinion in that case.