UNITED STATES of America,
Plaintiff-Appellee,

v.

Emilio SORZANO and Jose Abujasen,
Defendants-Appellants.

No. 79–5090
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 19, 1979.

Rehearings Denied Oct. 22, 1979.

Thomas F. Almon, Miami, Fla., for Sorzano.

Max P. Engel, Don Cohn, Miami, Fla., for Abujasen.

A. Scott Miller, Linda Collins Hertz, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before GOLDBERG, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM.

Jose Abujasen and Emilio Sorzano were tried and convicted by a jury on one count of conspiracy to distribute cocaine, in viola-

---

* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

tion of 21 U.S.C. § 846, and two counts of distributing cocaine and possessing cocaine with intent to distribute, violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Each was sentenced to concurrent terms of imprisonment of three years on each of the three counts. On this appeal, both appellants object to certain statements made by the prosecution in closing argument which they contend commented on their failure to testify at trial. Appellant Abujasen also objects to the admission into evidence of certain hearsay statements allegedly made by a coconspirator, and appellant Sorzano argues that the evidence was insufficient to prove his involvement in the conspiracy alleged by the government.

It is well settled that direct comment by the prosecution regarding the failure of an accused to testify is forbidden under the Fifth Amendment. *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). Appellants here object to statements made by the prosecutor in closing argument that certain testimony offered by its witnesses was uncontradicted. As we said in *Jennings v. United States*, 527 F.2d 862, 871 (5th Cir. 1976), "[I]t is well established that one may point out that the testimony of witnesses is uncontradicted [citations omitted], particularly where someone other than the defendant could have offered contrary evidence. [citations omitted] The test we must apply is 'whether or not the statement was manifestly intended or was of such character that a jury would naturally and necessarily take it to be a comment on the failure of the accused to testify.' *United States v. Wilson*, 500 F.2d 715, 721 (5th Cir. 1974), *cert. denied*, 420 U.S. 977, 43 L.Ed.2d 658, 95 S.Ct. 1403 (1975)." Of course to determine the manifest intent and the natural and necessary effect of such statements, we must examine them in context. *United States v. Austin*, 585 F.2d 1271, 1279 (5th Cir. 1978).

Applying these standards to the present appeal, we hold that the prosecution's comments were not improper. Two of the prosecutor's three challenged comments referred specifically to lack of con-

tradiction in the testimony of the government's witnesses on cross examination. They thus lack both the requisite intent and effect. *See United States v. Jennings*, 527 F.2d at 871. The third challenged comment referred to a conversation between one of the government's witnesses and one of defendant's co-conspirators who was not being tried in the same action. Since all the evidence showed, and the parties agreed, that defendants were not present at that conversation, defendants could not have directly contradicted the government's evidence even if they had testified. The prosecutor's statement cannot logically, therefore, be taken as a comment on defendants' failure to testify. Taken as a whole, the prosecutor's statements more naturally appear to be comments on the general strength of the case presented by the government and the failure of the defense to score bull's eye, or perhaps even hit the white, on the firing range of cross examination, rather than references to defendants' silence. As such, they were not improper under the test stated in *Jennings*. Furthermore, the trial court promptly and commendably offered curative instructions when defense counsel objected after the third comment. *See United States v. Rodarte*, 596 F.2d 141 (5th Cir. 1979).

Appellants raise similar objections to a series of rhetorical questions by the prosecution asking "how come" appellants were present at certain times and places where negotiations concerning the cocaine deal were being carried on if they were not part of the conspiracy. These questions, rhetorical in form, were inferential in substance and fall within the bounds of the right of the prosecution to urge the conclusions it thinks the jury should draw from the evidence. *United States v. Allen*, 588 F.2d 1100, 1108 (5th Cir. 1979).

We have also examined the other contentions of appellants and find them to be without merit.

The judgment of the district court is affirmed.

AFFIRMED.