Jeanette WILLIAMS,
Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Secretary,
Department of Corrections, State
of Florida, Respondent-Appellee.

No. 80–5441.

United States Court of Appeals,
Eleventh Circuit.

April 19, 1982.

Elliot H. Scherker, Asst. Federal Public Defender, Bennett H. Brummer, Federal Public Defender, Miami, Fla., for petitioner-appellant.

Susan Minor, Paul Mendelson, Asst. Attys. Gen., Miami, Fla., for respondent-appellee.

Before FAY, ANDERSON and CLARK, Circuit Judges.

CLARK, Circuit Judge:

Jeanette Williams appeals from a final judgment of the district court denying her petition for a writ of habeas corpus. We affirm.

Williams was charged under Florida law with robbery, possession of heroin, and receiving stolen property. She entered a plea of not guilty, and on June 12, 1976, a jury trial commenced in the Circuit Court of the Eleventh Judicial Circuit of Florida. On the following day, the jury returned guilty verdicts against Williams on all three charges. Williams was sentenced to a ninety-nine year term of imprisonment on the robbery conviction and consecutive five-year terms on the other two convictions.

On direct appeal, the District Court of Appeal of Florida, Third District, affirmed Williams' convictions on December 16, 1977. A petition for rehearing was denied by that court on January 16, 1978. Williams thereafter filed a petition for writ of certiorari in the Supreme Court of Florida, seeking review of the decision of the District Court of Appeal. The Supreme Court of Florida accepted jurisdiction on July 21, 1978, but subsequently issued an order discharging the writ of certiorari and dismissing the petition on May 3, 1979. Williams filed a request for rehearing, which the state Supreme Court denied on July 16, 1979.

On September 11, 1979, Williams filed a petition for writ of habeas corpus in the United States District Court for the Southern District of Florida. The district court issued an order dismissing the petition on February 19, 1980. Williams then filed a motion for certificate of probable cause on February 29, 1980. The district court granted this motion and issued the certificate on May 6, 1980. Williams now appeals to this court from the district court's denial of her habeas petition.

The sole issue before us on this appeal is whether a statement made during closing argument by the prosecutor to the effect that certain evidence was "uncontradicted" constituted an impermissible comment upon petitioner's exercise of her fifth amendment right to remain silent at trial. Before discussing the merits of this issue, we must review briefly the factual context within which it arises.

Petitioner was charged with robbery, an element of which is the use of force. At trial, the only witness who testified against petitioner, other than the arresting police officers and a psychiatrist, was the victim. Defense counsel in his opening statement asked the jury to pay close attention to the victim's testimony regarding the use of force:

I submit to you that the State will not prove robbery other than from the mouth of [the victim] .... Listen not only to the direct examination, but listen to the cross-examination also. As to the pistol, yes, the testimony will show that Robert Morgan, Jeanette's boyfriend, held the gun on [the victim]. Robert Morgan had the gun. Jeanette Williams never had the gun....

On direct examination, the victim testified that petitioner asked him to enter an automobile occupied by petitioner and two men, that he was then forced into the automobile by one of the two men while the other pointed a pistol at him, that once he was in the automobile at gunpoint petitioner took a plastic bag containing heroin from him, and that he then leaped from the automobile, whereupon petitioner and the two men drove away. On cross-examination, the victim's testimony was impeached extensively by defense counsel through the introduction of prior inconsistent statements. The cross-examination brought to light no prior statements nor any other evidence, however, controverting the victim's testimony that he was held at gunpoint by one of the thieves.

During closing argument, the prosecutor explained to the jury the various crimes with which petitioner was charged and argued that the evidence showed her to be guilty of the crimes charged and not of any lesser-included offenses. As for the robbery charge and its lesser-included offense of petty larceny, the prosecutor stated that the jury should find petitioner guilty of the lesser offense only if the theft was accomplished without the use of force. At this point, the following exchange occurred:

PROSECUTOR: If you find that she took property from [the victim] without force or threat of force involved, then it is merely petty larceny, the taking of something belonging to another. If you find that there is no force involved in this case, but I think the evidence is clear, the evidence is uncontradicted as to force, as to the force that was involved, in fact that it was—
DEFENSE COUNSEL: Objection, Your Honor.
THE COURT: Overruled.

.    .    .    .    .

PROSECUTOR: I think that the evidence is uncontradicted in the fact—
DEFENSE COUNSEL: Objection, Your Honor.
THE COURT: Overruled.
PROSECUTOR: That in fact, the robbery was by force with a deadly weapon.

Petitioner urges that the prosecutor's reference to the "uncontradicted" evidence concerning the use of force constituted an indirect reference to petitioner's exercise of her fifth amendment right to remain silent. Petitioner contends that the prosecutor's remarks necessarily directed the jury's attention to her failure to testify because petitioner was the only person, other than her co-defendants who could not be called to testify, who could have contradicted the victim's testimony.

■ Prosecutorial reference to the "uncontradicted" state of evidence constitutes impermissible comment on the defendant's exercise of the right to remain silent only if: (1) the prosecutor's manifest intention was to comment upon the defendant's failure to testify; or (2) the remark was such that the jury would naturally and necessarily take it to be a comment on the failure of the defendant to testify. *United States v. Garcia*, 655 F.2d 59, 64 (5th Cir. 1981); *United States v. Magana-Arevalo*, 639 F.2d 226, 229 (5th Cir. 1981). To determine the manifest intent and the natural and necessary effect of allegedly impermissible comments, we must examine the comments in the context within which they were made. *United States v. Garcia*, 655 F.2d at 64; *United States v. Sorzano*, 602 F.2d 1201, 1202 (5th Cir. 1979), *cert. denied*, 444 U.S. 1018, 100 S.Ct. 672, 62 L.Ed.2d 648 (1980).

■ "We cannot find that the prosecutor manifestly intended to comment on the defendant's failure to testify, if some other explanation for his remark is equally plausible." *United States v. Rochan*, 563 F.2d 1246, 1249 (5th Cir. 1977). In view of defense counsel's opening statement implying that cross-examination would discredit the victim's testimony regarding force, we believe that the prosecutor's remark concerning uncontradicted evidence was merely a reference to the fact that the victim's testimony regarding the use of force was unshaken by defense counsel's vigorous cross-examination. Thus, we hold that the prose-

cutor did not manifestly intend by his remarks to comment upon the petitioner's failure to testify.

Our next inquiry is whether the jury naturally and necessarily would take the prosecutor's remark to be a comment on the petitioner's failure to testify. We emphasize that the question is not whether the jury possibly or even probably would view the challenged remark in this manner, but whether the jury *necessarily* would have done so. Examination of earlier cases discloses that the court "has been slow to find a necessarily improper understanding on the part of the jury." *United States v. Rochan*, 563 F.2d 1246, 1250 (5th Cir. 1977). For example, in *United States v. Bright*, 630 F.2d 804 (5th Cir. 1980), the prosecutor in closing argument made the following statement: "We submit that the overwhelming evidence in this case, and the almost uncontradicted evidence in the case, certainly warrants—." The court held that this remark was "not one which the jury would necessarily construe as referring to the defendants' failure to testify." *Id.* at 828. Other cases likewise have held that reference by the prosecutor to the "uncontradicted" testimony of a witness does not constitute impermissible comment on the defendant's failure to testify. *See, e.g., United States v. Sorzano*, 602 F.2d 1201, 1202 (5th Cir. 1979), *cert. denied*, 444 U.S. 1018, 100 S.Ct. 672, 62 L.Ed.2d 648 (1980); *United States v. Jennings*, 527 F.2d 862, 871 (5th Cir. 1976).

Turning to the case before us, the prosecutor's use of the word "uncontradicted," when viewed in context, was addressed to the testimony of the victim, who had been impeached extensively. The remark simply referred to one area of that testimony that was not disputed. No direct mention was made of the petitioner's failure to testify. We cannot say that the jury necessarily would have taken the challenged statements to be a comment on petitioner's failure to testify.

For the reasons expressed in this opinion, the judgment of the district court is affirmed.

AFFIRMED.