429 So.2d 1339 (1983)
Jeffrey BRAZIL, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1914.
District Court of Appeal of Florida, Fourth District.
April 20, 1983.
Rehearing Denied May 12, 1983.
Richard L. Jorandby, Public Defender, and Margaret Good, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
Jeffrey Brazil appeals his conviction and ten year prison sentence for sexual battery.
At trial, the victim identified appellant as one of her assailants and described the events of the sexual battery. The State introduced appellant's confession through a police officer who testified that appellant voluntarily made a statement admitting his involvement in the sexual battery. Appellant did not take the stand nor did he present any testimony in his own behalf, but relied upon cross examination and argument to defend against the charge.
During closing argument the prosecutor responded by making the following remarks:
I have given you everything there is, but ask Mr. Staab this question for me when he gets up before you finally go back into your deliberations. He indicated to you there were massive conflicts in the testimony. The witnesses couldn't be believed.
I presume Jeff Brazil based on that analysis could not be believed. Ask him why? Ask him that question for me. When he has failed to answer that question for you, go back to that jury room to your deliberations... .
Appellant immediately objected, moved for mistrial, and argued that the prosecutor's comments called attention to the fact that appellant did not testify. The court denied appellant's motion for mistrial and this appeal followed.
Appellant contends that the trial court erred in failing to grant his motion for mistrial because the prosecutor's comment constituted an improper comment on appellant's failure to testify.
*1340 Both parties agree that a prosecutor's comment on the right of a defendant to remain silent requires reversal. The State contends that its remarks constituted a fair response to defense counsel's argument impeaching the credibility of the victim and further argues that the jury could not have interpreted it as a comment on appellant's failure to testify, citing Williams v. Wainwright, 673 F.2d 1182 (11th Cir.1982). Williams holds that a prosecutorial reference to the "uncontradicted" state of the evidence constitutes an impermissible comment on the defendant's right to remain silent only if the prosecutor's manifest intent was to so comment or the remark was such that the jury would naturally and necessarily take it to be such a comment.
In Florida, under Florida Rule of Criminal Procedure 3.250, the prohibition against any comment on the failure of the accused to testify applies without regard to the character of the comment, or the prosecutor's intent or motive in making it. If the comment is subject to an interpretation which would bring it within the prohibition, the comment's susceptibility to a different, valid construction does not remove it from the operation of the rule. Childers v. State, 277 So.2d 594 (Fla. 4th DCA 1973). The Supreme Court in David v. State, 369 So.2d 943 (Fla. 1979), held that any comment which is fairly susceptible of being interpreted by the jury as referring to a criminal defendant's failure to testify constitutes reversible error, without resort to the harmless error doctrine.
Appellant did not testify. Defense counsel had, naturally, made no attempt to impeach his non-witness client. Defense counsel did, on the other hand, make vigorous efforts to impeach not only the victim, but also the police officer who gave the only evidence of appellant's confession. Defense counsel argued that the officer's report of appellant's confession was unreliable because, among other things, the officer did not bother to write down what appellant had said until two hours after appellant's statement. The argument of the prosecutor does not meet the defense's challenge to the officer's credibility. It rather assumes the officer's total credibility, and challenges defense counsel to explain why the jury should disbelieve appellant's confession, rather than the officer's report thereof.
The record also demonstrates that the trial judge experienced difficulty in determining whether or not the jury could have interpreted the prosecutor's comments as a comment on appellant's failure to testify. He denied the motion for mistrial because he was unsure whether the remark constituted fundamental reversible error. At the hearing on the motion for a new trial, the judge explicitly recognized that the jury could have interpreted the remark as a comment on appellant's failure to testify, but denied the motion for new trial because the case, overall, had been fairly tried.
Appellee maintains that in context it is clear that the prosecutor was challenging the defense counsel to explain why the appellant's confession, which was in evidence "shouldn't be believed." Appellee points out that the defense spent its whole argument attacking the victim's testimony and ignored the fact that appellant's confession was consistent with her version of the incident. He concludes that this comment was fair reply to defense counsel's argument and the comment was directed to defense counsel and not to appellant's failure to testify. Appellant argues that the prosecutor in the case sub judice was not merely commenting on the uncontradicted nature of the evidence as it existed before the jury, but rather he was calling upon appellant to account for his confession and reminding the jury to consider that appellant "failed to answer that question... ." The arguments of counsel and the trial judge's comments at the motion for new trial demonstrate that the prosecutor's statements were "fairly susceptible" of being interpreted by the jury as referring to appellant's failure to testify.
*1341 Therefore, we must reverse and remand this case for a new trial.
REVERSED and REMANDED.
GLICKSTEIN and WALDEN, JJ., concur.