**STATE of Delaware**

v.

**Gibson C. YODER.**

Superior Court of Delaware,
New Castle County.

Submitted: March 19, 1987.
Decided: Sept. 23, 1987.

Joseph J. Longobardi, III, Deputy Atty. Gen., Dept. of Justice, Wilmington, for the State.

Carl Schnee of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for defendant.

BABIARZ, Judge. ·

Before the Court is a motion for new trial following a jury verdict against the defendant Gibson C. Yoder ["Yoder"]. For the reasons that follow, the motion is granted.

Defendant neither testified nor presented any evidence at trial. The State's case consisted of the testimony of two police officers. On October 16, 1985, Detective Eller of the Newark Police Department, and Detective Bullen of the Delaware State Police were executing a search warrant for drugs at the residence of Michael Malloy. During the course of their search, the telephone rang and the caller, who identified himself to Detective Eller as Yoder, asked for Michael Malloy. Detective Eller responded by telling the caller that Malloy was not in, and that he (Detective Eller) was "tending the store." The detective also indicated that there was a package for the caller.

Thereafter, Yoder went to the Malloy residence with the detectives still inside. Detective Bullen answered the door and asked the defendant "how much [he wanted]". According to Bullen Yoder asked for an ounce. The detectives subsequently handed Yoder a small bag containing the white powder Mannitol, a cocaine cutting agent. When asked by the detectives for the money, Yoder responded that Malloy usually "fronts" the drugs to him, i.e., that Yoder receives the cocaine, but pays Malloy later. Yoder was subsequently arrested and charged with attempting to traffic in cocaine.

At trial, the only evidence offered was the testimony of Detectives Bullen and Eller. The defendant did not take the stand. In its opening summation, the prosecution explained to the jury that Yoder had exercised his constitutional right not to testify. Immediately thereafter, the prosecution stated, "[h]owever, he has not disputed what the officers testified to."

A few moments later, the prosecutor, in setting forth some of the testimonial evidence of Detectives Bullen and Eller, stated, "[b]ut I also suggest to you that they have testified to the events of October 16, 1985 as they recalled them, and it has not been disputed." Thereupon, defense counsel interrupted, and an unreported sidebar conference was held, during which the defense indicated its objection to the two statements by the prosecutor, and requested that a mistrial be ordered. After a brief recess, the Court ruled that the prosecutor's comments did not constitute grounds for a mistrial. The defendant was subsequently found guilty. ·

The defendant now moves for a new trial, contending that the prosecutor's comments constituted prejudicial error. The defendant argues that the testimony at trial concerning Yoder's conduct was presented exclusively by Detectives Bullen and Eller. Yoder was the only one who could testify to, and possibly refute, the evidence offered on behalf of the State. However, since Yoder chose not to take the stand, the prosecutor's statements that the testimony of the detectives was "not disputed" amounted to prejudicial comment on the defendant's constitutional right not to testify so as to warrant the granting of a new trial.

■ In *Griffin v. California*, U.S.Supr., 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), the Supreme Court held that a defendant's exercise of his constitutional right to remain silent cannot be penalized by prosecutorial suggestions that his silence implies guilt. As such, the Delaware Supreme Court has framed the inquiry into the necessity for reversal in the face of such inferences as being whether the prosecutor utilized the silence to create an inference of guilt, recognizing that not all such remarks prejudice a defendant in the eyes of the jury. *Hooks v. State*, Del. Supr., 416 A.2d 189, 206 (1980); *Cook v. State*, Del.Supr., 374 A.2d 264 (1977). In ascertaining whether reversible error has occurred, it is proper to ask whether the defendant has actually been harmed by the State's allusion to conduct constitutionally

protected. *United States ex rel. Macon v. Yeager,* 3d Cir. 476 F.2d 613, *cert. den.,* 414 U.S. 855, 94 S.Ct. 154, 38 L.Ed.2d 104 (1973). The prosecution is free to comment on the evidence and its reasonable inferences, and generally is allowed to characterize evidence as uncontradicted. *Hughs v. State,* Del.Supr., 437 A.2d 559, 573 (1981).

Defendant first points out that there are no Delaware cases dispositive of the general issue here. In fact, he acknowledges that a review of the decisions of other courts which have addressed the question in factually similar cases yields little unanimity. *See,* Annot: *Violation of Federal Constitutional Rule (Griffin v. California) Prohibiting Adverse Comment By A Prosecutor Or A Court Upon Accused's Failure To Testify, As Constituting Reversible Or Harmless Error,* 24 A.L.R.3d 1093 §§ 6A, 6B, 8A, 9A (1969 Supp.1986). In light of this, defendant suggests that this Court follow the reasoning of the Eleventh Circuit in *United States v. Griggs,* 11th Cir., 735 F.2d 1318 (1984).

■ In *Griggs,* the defendant sought a reversal of his conviction on the basis that the prosecutor's statement that "the defendant has not testified about [the evidence]" amounted to prejudicial error, since the jury would have understood it to be a comment on the defendant's failure to testify. The *Griggs* Court began by explaining the rule in the Eleventh Circuit as follows:

> In *United States v. Stuart–Caballero,* 686 F.2d 890, 892 (11th Cir.1982), *cert. denied,* 459 U.S. 1209, 103 S.Ct. 1202, 75 L.Ed.2d 444 (1983), our court adopted an alternative test to evaluate comment on the defendant's failure to testify in instances where he alone could provide contradictory evidence. Prosecutorial comment is improper if the defense can demonstrate either that "(1) the prosecutor manifestly intended to comment on the defendant's silence, or (2) the character of the comment was such that a jury would naturally and necessarily construe it as a comment on the defendant's silence."

735 F.2d at 1322. After holding that no error was evidenced under the first prong, the Court in *Griggs* moved on to examine whether reversible error resulted from the comment when tested against the second prong.

The Court explained:

> The standard for decision under the second prong of the *Stuart–Caballero* test is not whether the "jury possibly or even probably would view the challenged remark in this manner but whether the jury *necessarily* would have done so." *Williams v. Wainwright,* 673 F.2d 1182, 1185 (11th Cir.1982) (emphasis in original).
>
> \* \* \* \* \* \*
>
> Therefore, we can hold these remarks to be error only if we deem them "so grossly prejudicial that the harm could not be removed by the objections or instructions." *United States v. Harbin,* 601 F.2d 773, 776 n. 2 (5th Cir.), *cert. denied,* 444 U.S. 954, 100 S.Ct. 433, 62 L.Ed.2d 327 (1979), (quoting *Benham v. United States,* 215 F.2d 472, 473 (5th Cir.1954)).

735 F.2d at 1324. After careful consideration of the prosecutor's statements, the Court in *Griggs* concluded:

> [T]he phrase, "the defendant has not testified about it" is an unmistakable reference to Griggs' exercise of his fifth amendment privilege. The jury could not have failed to comprehend the remark in any other way. Because this statement infringes on Griggs' constitutional rights, we must reverse his conviction.

*Id.*

This Court is persuaded that the test formulated in *Stuart–Caballero* and explained in *Griggs* is the proper measure with which to gauge whether the prosecutor's comments here amounted to reversible error. Since it is not argued that the State manifestly intended to comment on Yoder's failure to testify, this Court will focus only on the second prong of the *Stuart–Caballero* test.

■ The State takes the position that the evidence against Yoder was overwhelming, since none of the testimony by the detec-

tives was contradicted by the defendant. It argues that the prosecutor's references to the testimony as not disputed were mere characterizations of the evidence, and well within the permissible latitude granted the prosecutor to comment to the jury on the evidence. The State further argues that the jury was instructed both by the prosecutor in its opening and by the Court in its final instruction to draw no adverse inference from the defendant's decision not to take the stand. It concludes that these admonitions served to cure any implication of the defendant's guilt that may have arisen pursuant to the comments. This Court finds the State's argument unpersuasive.

The State's contention that the prosecutor's comments were nothing more than bald characterizations of the evidence ignores the unique factual situation here. The State's entire case consisted of the testimony of Detectives Bullen and Eller. The record indicates that only the two detectives and the defendant were present at the two critical times in question: when Yoder allegedly asked for the drugs, and when he received the white powder. Hence, it was only Yoder who could refute the testimony of the detectives by taking the stand in his own defense. But since he chose not to do so, the statements by the prosecution served to buttress the credibility of the testifying officers. At the same time, the comment focused the jury's attention on the absence of any attempt by Yoder to proffer evidence in support of his innocence. Since Yoder's in-court testimony was the only avenue by which the defense could counter the State's evidence, the jury could only conclude that Yoder's failure to do so was indicative of his guilt. At that point, the prosecution's comment went beyond mere characterization of the evidence, and became an impermissible reference to Yoder's exercise of his Fifth Amendment privilege. This Court does not see how the jury could have understood the remarks to mean anything else.

In keeping with the reasoning of *Griggs*, this Court concludes that the character of the prosecution's comment, taken in light of the fact that Yoder alone could dispute the State's evidence, was such that a jury would have necessarily construed it as a comment on the defendant's silence. This Court further finds that any instructions to the jury to infer nothing from the defendant's failure to testify were ineffectual to alleviate the prejudicial effect of the comments. *See Griggs*, supra, 735 F.2d at 1324. The defendant's motion for a new trial is therefore granted.

IT IS SO ORDERED.