**UNITED STATES of America**

v.

**Shirley Mae VEAL, Dorothy Mae Veal, and Irene Veal Samuel.**

**Crim. A. No. 92–10–B.**

United States District Court, M.D. Louisiana.

Sept. 3, 1992.

P. Raymond Lamonica, U.S. Atty., M.D. La., Baton Rouge, La., Randall Miller, Asst. U.S. Atty., for U.S.

Edselle K. Cunningham, Baton Rouge, La., for Shirley Mae Veal.

Richard Upton, Baton Rouge, La., for Dorothy Mae Veal.

Charles Makar, Baton Rouge, La., for Irene Veal Samuel.

## RULING ON MOTION FOR MISTRIAL

POLOZOLA, District Judge.

This matter is before the Court on the motion of the defendants for a mistrial. Defendants contend that the Assistant United States Attorney made improper references to the defendants' right to remain silent under the Fifth Amendment during the closing argument in this case. The Court took the matter under advisement to allow the parties and the Court to review a transcript of the argument, to research the matter and to allow the jury to consider the

guilt or innocence of the defendants. Although the Court advised the defendants it would give a curative instruction to the jury, the defendants specifically asked the Court not to give a curative instruction to the jury.

The objectionable statements the prosecutor made in the closing argument were:

> ... Ladies and gentlemen, there has been nothing to call into question the evidence of the United States. It stands before you unrebutted, unrefuted, undenied. No one has testified before you to say that Christine Wilson White exists. No one has testified before you to say that Debra Soileau exists. No one has testified before you to deny that Daisy Mackey Conner turned over food stamps from the Debra Soileau case to Irene Veal Samuel. Nobody. And I don't think I even discussed Alteen Nalls. Nobody has reviewed or refuted Alteen Nalls' testimony that when Shirley Veal re-opened the Debra Soileau case, re-opened it as Debra Wheeler to keep it in her case load, she shared the proceeds from all of the cards she signed as authorized representative. Nobody has disputed that evidence. It stands before you uncontradicted. Nobody has disputed or contradicted a single piece of evidence you have before you.[1]

■ The defendants did not make any objection to the Assistant United States Attorney's argument at the time the comments were being made. After the Assistant United States Attorney completed his argument and the jury was excused, the defendants made a motion for a mistrial based on the argument. Since the defendants failed to timely make an objection which would have prevented the government from continuing with this line of argument, the defendants have waived any objection to the government's closing argument.

■ However, even assuming there was no waiver, and also reviewing the issue under the plain error doctrine, the Court finds the defendants' motion for a mistrial must still be denied.

■ There was no direct reference made by the prosecutor to the defendants' failure to testify.[2] The prosecutor must strictly observe the defendants' right not to testify. The test to be applied by the Court is whether, under the facts and circumstances of the case, the language used was manifestly intended to be a comment on the failure of the accused to testify or was of such character that the jury would naturally and necessarily take it to be so.[3] A comment regarding a defendant's Fifth Amendment rights must have a clear effect on the jury before reversal is warranted.[4]

■ A prosecutor improperly emphasizes a defendant's failure to testify when the prosecutor argues that critical facts in the case have not been controverted and those facts could not have been controverted by anyone other than the defendant.[5] However, a prosecutor may in his closing argument refer to government evidence as uncontroverted if witnesses other than the defendant could have controverted the evidence.[6] Indeed, the prosecutor may properly comment on the defendant's failure to

---

1. Transcript of closing argument at page 13.

2. A prosecutor's direct reference to a defendant's failure to testify violates the defendant's privilege against compelled self-incrimination. *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); *United States v. Rocha*, 916 F.2d 219 (5th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2057, 114 L.Ed.2d 462 (1991); *Rogers v. Lynaugh*, 848 F.2d 606 (5th Cir.1988).

3. *Rocha*, 916 F.2d 219; *United States v. Palacios*, 612 F.2d 972 (5th Cir.1980); *Davis v. United States*, 357 F.2d 438 (5th Cir.), *cert. denied*, 385 U.S. 927, 87 S.Ct. 284, 17 L.Ed.2d 210 (1966).

4. *United States v. Sanchez,* 961 F.2d 1169 (5th Cir.1992); *Rocha,* 916 F.2d 219; *United States v. Rochan,* 563 F.2d 1246 (5th Cir.1977).

5. *Runnels v. Hess,* 653 F.2d 1359 (10th Cir.1981), *Lent v. Wells,* 861 F.2d 972 (6th Cir.1988), *cert. denied,* 489 U.S. 1100, 109 S.Ct. 1577, 103 L.Ed.2d 943 (1989).

6. *United States v. Sorzano,* 602 F.2d 1201 (5th Cir.1979), *cert. denied,* 444 U.S. 1018, 100 S.Ct. 672, 62 L.Ed.2d 648 (1980).

present exculpatory evidence as long as the prosecutor does not call attention to the defendant's failure to testify.[7] There is a distinction between a comment by the prosecutor concerning the failure of the defense to counter or explain evidence and failure of the defendant to do so.[8] A comment about the former does not violate a defendant's Fifth Amendment rights.[9]

The Court finds under the facts of this case that while the prosecutor's comments were unnecessary and perhaps careless, they were not improper. The prosecutor's argument was a fair response to arguments initiated by defense counsel.[10] Throughout this trial the defendants asserted as one of their main defenses that other persons were responsible for the improper food stamps being used. Specifically, the defendants argued or asked questions on whether:

(1) Others were responsible for preparing the documents and using the defendants' personal computer access numbers;

(2) Others were responsible for actually arranging for the food stamps;

(3) Food stamp employees knew their co-employees' computer access numbers;

(4) Food stamp employees had access to co-employees' computer terminals;

(5) Food stamp employees had access to co-employees' files;

(6) Food stamp employees had access to co-employees' desks and trash cans;

(7) Roscoe Jones' girl friend was responsible for the alleged crime;

(8) Food stamp employees violated office policy by sharing computer numbers;

(9) The system used by the state in running its food stamp office was negligent, careless, and not in conformity with good practices and standards;

(10) There were problems with the food stamp program as operated in the Parish of East Baton Rouge.

These points were particularly stressed in the closing arguments made by Edselle Cunningham and Charles Makar on behalf of their clients, and Richard Upton on behalf of Dorothy Veal Christmas.

Considering these arguments of the defendants and the questions their attorneys asked of the various witnesses called by the United States, the prosecutor's comments were not improper. When the Court considers the prosecutor's comments in this context and when the comments the Assistant United States Attorney made before and after the questionable statements are considered in their proper context, the defendants' rights were not violated in this case. It is clear under the facts of this case that persons other than the defendants could have contradicted the evidence presented by the government, including the government's own witnesses. There was no direct or indirect reference to the defendants' failure to testify in this case. The comment was a fair and proper response to arguments, questions and comments made by the defense counsel during the trial.

■ The evidence of guilt in this case was overwhelming. Even if there was error in the prosecutor's reference during closing arguments, it was harmless in view of such overwhelming evidence of the defendants' guilt.[11] The trial lasted four days. The arguments made by the government and defense counsel lasted over two and a half hours. The prosecutor's comments were brief remarks. During the final jury charge, the Court gave the jury a full instruction on this issue, which stated:

Indeed, the defendants are presumed by the law to be innocent. The law does not require a defendant to prove his inno-

---

7. *United States v. Soulard,* 730 F.2d 1292 (9th Cir.1984); *Moore v. Wyrick,* 760 F.2d 884 (8th Cir.1985).

8. *United States v. Fogg,* 652 F.2d 551 (5th Cir. 1981), *cert. denied,* 456 U.S. 905, 102 S.Ct. 1751, 72 L.Ed.2d 162 (1982); *United States v. Castillo,* 866 F.2d 1071 (9th Cir.1988).

9. *Id.*

10. *United States v. Robinson,* 485 U.S. 25, 108 S.Ct. 864, 99 L.Ed.2d 23 (1988).

11. *United States v. Valley,* 928 F.2d 130 (5th Cir.1991); *United States v. Washington,* 898 F.2d 439 (5th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 122, 112 L.Ed.2d 91 (1990); *United States v. Martinez,* 894 F.2d 1445 (5th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 351, 112 L.Ed.2d 315 (1990).

cence or produce any evidence at all and no inference whatever may be drawn from the election of a defendant not to testify or to produce evidence of any kind at this trial. The presumption of innocence means that the defendant starts the trial with a clean slate. The government has the burden of proving the defendant guilty beyond a reasonable doubt. The defendants are presumed by you to be innocent throughout your deliberations until such time, if ever, you are satisfied that the government has proven their guilt beyond a reasonable doubt.

This rule of law was also mentioned to the jury by the prosecutor in his rebuttal argument when he emphasized that he had the burden of proving this case and the defendants did not have such a burden.[12]

Recently, the Fifth Circuit Court of Appeals noted:

> Courts will not lightly reverse a criminal conviction on the basis of a prosecutor's arguments standing alone.... Reversible error will result only where it is shown that the jury argument is both improper and harmful.... "The determinative question is whether the prosecutor's remarks cast serious doubt on the correctness of the jury's verdict." ...
> The test that is employed in this circuit requires us to consider "1) the magnitude of the prejudicial effect of the statements; 2) the efficacy of any cautionary instruction; and 3) the strength of the evidence of the defendant's guilt." (citations omitted.)[13]

Considering the record as a whole, the Court finds the comments of the prosecutor were not "so pronounced and persistent that [they] permeate[d] the entire atmosphere of the trial."[14]

For these reasons, the defendants' motion for a mistrial, or in the alternative for a new trial, is DENIED.

---

**12.** *United States v. Soudan,* 812 F.2d 920 (5th Cir.1986).

**13.** *Id.*

**14.** *United States v. Sanchez,* 961 at 1176.