*451
 
 BEAM, Circuit Judge.
 

 Rodney E. Carl, also known as Timothy Carlos Cain, appeals his jury conviction for conspiring to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Carl contends that certain remarks the government made during its closing argument infringed upon his Fifth Amendment privilege against self-incrimination. Finding no constitutional violation, we affirm.
 

 I. BACKGROUND
 

 The trial in this matter commenced in the district court
 
 [1]
 
 on October 28, 1991. Carl elected to represent himself at trial with court-appointed counsel acting as standby or advisory counsel. The court informed the jury panel before voir dire that Carl would represent himself and that counsel was present merely as an advisor to him. Transcript Vol. I at 18-19 (October 28, 1991). The court conducted voir dire and Carl did not exercise any challenges.
 
 Id.
 
 at 71-72.
 

 After the government’s opening statement, Carl was given the opportunity to make an opening statement to the jury. It is apparent from the record that Carl did not believe he should be bound by the traditional rules of trial procedure that limit argument and questions to the jury in opening statements.
 
 See id.
 
 at 100-07. The court refused to waive these rules and asked Carl to give a statement discussing the “facts as you believe they will be proved that pertain to the charge- in this indictment.”
 
 Id.
 
 at 103. Carl responded declaring that
 
 “I
 
 don’t think I am able to do it within your parameters.”
 
 Id.
 
 at 104. After this exchange, Carl refused to participate further in the trial. The court made one final effort to explain the rules to Carl and to enlist his participation in the trial:
 

 I want to make sure before we proceed, Mr. Carl, you fully understand your right to inform the jury what facts you believe will be proved. You may not argue and may not state your position with respect to what you think is happening here, your opinion as to what you think is happening here. If you are prepared to make the kind of statement such as made by the government in its opening you are entitled to do so. You understand that?
 

 The record should reflect the defendant did not respond to the court's question. But since he is looking at the court directly, I suspect he heard.
 

 Id.
 
 at 107. The government was then permitted to proceed with its case.
 

 Throughout the trial, neither Carl nor his standby counsel presented any evidence, made any • objections, cross-examined any government witnesses, or rebutted the government’s case in any way. Carl remained mute even when the court addressed him directly, asking whether he objected to the introduction of certain government exhibits into evidence.
 
 Id.
 
 at 135. Prior to closing argument, the court held a conference in chambers to prepare instructions and to discuss closing arguments. Carl indicated that he would not make a closing argument. Transcript Vol. II at 75 (October 29, 1991).
 

 The government did choose to make a closing argument. During its argument, the government made the following remarks which gave rise to this appeal:
 

 [LJadies and gentlemen, you might go back in the jury room and wonder why this defendant chose to represent himself and why he chose to do what he did. Or, I guess a better way of putting it, what he chose not to do. If you do do that, ladies and gentlemen, you will be speculating at best. There could be any number of reasons. And, quite frankly, ladies and gentlemen, it doesn’t matter. What his reasons are are his reasons. Don’t go back there and somehow feel sorry for him, he’s a martyr. He’s not a martyr, ladies and gentlemen. He was given all the process that is due to him.
 

 Likewise, ladies and gentlemen, don’t go back there and feel frustration at. him
 
 *452
 
 or anger at him and let that enter into your verdict.
 

 Id.
 
 at 101. Carl remained mute after the government’s argument and did not make any argument of his own.
 
 Id.
 
 at 103.
 

 The jury found Carl guilty of conspiring to distribute more than five kilograms of cocaine as charged in the indictment. Thereafter, Carl filed a timely notice of appeal alleging that the government’s closing argument violated his Fifth Amendment privilege against self-incrimination. We have jurisdiction pursuant to 28 U.S.C. § 1291.
 

 II. DISCUSSION
 

 The Fifth Amendment forbids the government from making a direct comment about a criminal defendant’s failure to testify.
 
 Griffin v. California,
 
 380 U.S. 609, 615, 85 S.Ct. 1229, 1233, 14 L.Ed.2d 106 (1965). An indirect reference or ambiguous comment may violate the Fifth Amendment privilege against self-incrimination “when the statements either (1) manifest the prosecutor’s intention to call attention to the defendant’s failure to testify, or (2) are such that the jury would naturally and necessarily take them as a comment on the defendant’s failure to testify.”
 
 United States v. Durant,
 
 730 F.2d 1180, 1184 (8th Cir.),
 
 cert. denied,
 
 469 U.S. 843, 105 S.Ct. 149, 83 L.Ed.2d 87 (1984). We'cannot find, that the government manifestly intended to comment on Carl’s failure to testify if some other explanation for the remarks is equally plausible.
 
 See United States v. Carrodeguas,
 
 747 F.2d 1390, 1395 (11th Cir.),
 
 cert. denied,
 
 474 U.S. 816, 106 S.Ct. 60, 88 L.Ed.2d 49 (1985). Furthermore, in deciding whether the jury would naturally and necessarily take the government’s remarks as comments on Carl’s failure to testify, “the question is not whether the jury possibly or even probably would view the challenged remark in this manner, but whether the jury
 
 necessarily
 
 would have done so.”
 
 Williams v. Wainwright,
 
 673 F.2d 1182, 1185 (11th Cir.1982).
 

 In this case, we find that the government’s comments did not constitute constitutional error.
 
 [2]
 
 We cannot find that the government manifestly intended to comment on Carl’s failure to testify. At best for Carl, the government’s comments were ambiguous. Under the
 
 Durant
 
 test, it is proper for the government to comment on the fact that a defendant has the right to represent himself. The government may have skated on thin ice when it went on to discuss “what he [Carl] chose not to do,” but under the circumstances of this case the words do not reach as far as Carl contends. Since Carl chose to represent himself - at trial it would be an understatement to say that his complete silence — even when he was addressed directly by the court — was out of the ordinary. Carl insists that portions of the government’s statement constituted comment on his failure to testify. We find it equally plausible, however, that the government’s remarks were intended to address Carl’s failure to make an opening statement, present evidence, cross-examine witnesses, or make a closing argument.
 
 See Durant,
 
 730 F.2d at 1184.
 
 [3]
 

 
 *453
 
 The government’s remarks were also not of such character that the jury would necessarily take them to be a comment on Carl’s failure to testify. Carl argues that since he had counsel with him at trial, the only inference the jury could draw from the government’s statement was that Carl failed to testify, thereby implying his guilt. This argument would have more credence if the court had not informed the jury before trial that Carl had chosen to represent himself and that his counsel would act only as an advisor. It is clear from the record that the jury was informed that Carl had not authorized his standby counsel to introduce evidence or make arguments. Transcript Yol. II at 57, 103 (October 29, 1991). Under the circumstances, the jury easily could have taken the government’s remarks as a comment on Carl’s total lack of a defense, rather than on his failure to testify. We do not find the government’s remarks improper.
 

 III. CONCLUSION
 

 For the reasons discussed above, the judgment entered by the district court is affirmed.
 

 [1]
 

 . The Honorable Joseph E. Stevens, Jr., United States District Judge for the Western District of Missouri.
 

 [2]
 

 . Since no motions or objections were made by Carl or his counsel at trial, we would ordinarily review Carl’s contention under the plain error rule. Fed.R.Crim.P. 52(b). Rule 52(b) provides:
 

 (b) Plain Error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.
 

 Because we find no error in the government’s closing argument, however, we need not address whether the alleged error rises to the level of plain error.
 

 [3]
 

 . Carl argues that:
 

 In the instant case, unlike
 
 Durant,
 
 [730] F.2d 1180, Appellant [Carl] obviously had no defense strategy. Appellant essentially refused to participate in the trial as evidenced by the transcript of the proceedings. The Prosecutor tried his case with no opposition whatsoever from the Appellant. The Prosecutor’s remarks, therefore, cannot be viewed as a counter to Appellant’s trial strategy. Consequently, not only were the Prosecutor’s statements improper, but also unnecessary and evidence of his manifest intent to comment upon Appellant’s failure to testify.
 

 Appellant's Brief at 4. While we do not find that the government’s statements show an intent to comment on Carl’s failure to testify, we think a more prudent course of action might have been to request a proper jury instruction from
 
 *453
 
 the court on Carl’s right to conduct his own defense.