# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3431WM

_____

R. E. Carl, also known as Janaka Carl,   *
                                        *

                Appellant,               *

                                          *   Appeal from the United States

        v.                           *   District Court for the

                                          *   Western District of Missouri

United States of America,             *

                                          *       [UNPUBLISHED]

            Appellee.              *

                                          *

_____

Submitted:  August 4, 1999

Filed:  August 16, 1999

_____

Before MCMILLIAN, BRIGHT and RICHARD S. ARNOLD, Circuit Judges.

_____

PER CURIAM.

Federal prisoner Rodney E. Carl appeals the district court's[1] order dismissing his 28 U.S.C. § 2255 petition as untimely. Because the timeliness question is dispositive, this court granted Carl's request that the proceedings on appeal be stayed pending the decision in Nichols v. Bowersox, 172 F.3d 1068 (8th Cir. 1999) (en banc). We

_____

[1] The Honorable Joseph E. Stevens, Jr., late United States District Court Judge for the Western District of Missouri.

conclude that the petition was timely filed and reverse the district court order dismissing the petition.

Carl's cocaine conspiracy conviction and twelve-year sentence became final in 1992 after this court affirmed the conviction. See United States v. Carl, 978 F.2d 450 (9th Cir. 1992). Carl signed the § 2255 petition challenging his conviction on April 23, 1997. The envelope containing the petition was received in the prison mail system at FCI-Phoenix on April 24, 1997, according to a stamped entry on the envelope. The district court clerk filed the petition on April 28, 1997. In its response, the government argued that the petition should be dismissed as untimely under the Antiterrorism and Effective Death Penalty Act (AEDPA) because it was filed on April 28, 1997. The district court dismissed the petition with prejudice as untimely. Carl timely appealed.

Because his convictions became final before the enactment of AEDPA, Carl was entitled to a one-year grace period, see Paige v. United States, 171 F.3d 559, 560 (8th Cir. 1999), ending on April 24, 1997, see Moore v. United States, 173 F.3d 1131, 1135 (8th Cir. 1999), for the filing of his § 2255 petition. Further, under Moore, Carl is entitled to the benefit of the prison mailbox rule. Id. Thus, his petition deposited in the prison mail system on April 24, 1997, was timely filed.

Accordingly, the district court order dismissing Carl's § 2255 petition as untimely is reversed. The case is remanded for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.