[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12228
Non-Argument Calendar

_____

D.C. Docket No. 0:12-cr-60049-RSR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROGERIO CHAVES SCOTTON,
 a.k.a. Roger Scotton,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 12, 2016)

Before ED CARNES, Chief Judge, TJOFLAT, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Rogerio Chaves Scotton, a Brazilian national, owned several online retail stores.  In order to ship the items he sold online, he opened a number of UPS, FedEx, and DHL Express accounts in his name or in the name of entities he controlled.  Whenever one of those accounts became delinquent, he would set up a new account in the name of another entity he controlled or in the name of an established business with which he was not associated.  Scotton also lied to immigration officials about unrelated matters when he applied to become a legal permanent resident.

As a result of these activities, Scotton was charged with 27 counts of mail fraud, in violation of 18 U.S.C. § 1341, and two counts of making false statements to a government agency, in violation of 18 U.S.C. § 1001(a)(2).  He represented himself at trial and, after 29 days, was convicted as charged.  The district court sentenced him to 108 months in prison and ordered him to pay $2,582,935.60 in restitution.  Scotton appeals his convictions and sentence.

Scotton first challenges the district court's refusal to strike a juror for cause. He contends that the challenged juror, who said that she was afraid of him at the beginning of the trial, could not have rendered an impartial verdict in his case. "The decision to strike a [ ] juror for cause upon a suggestion of partiality is within the sound discretion of the trial judge." United States v. Dickerson, 248 F.3d 1036, 1045 (11th Cir. 2001) (quotation marks omitted).  We review that decision only for

2

abuse of discretion. United States v. Carlin, 698 F.2d 1133, 1135 (11th Cir. 1983). The trial judge "must consider whether the juror[] had such fixed opinions that [she] could not judge impartially the guilt of the defendant." Dickerson, 248 F.3d at 1045. We look to the record "to determine whether there is fair support . . . for [the] district court's conclusion that the juror would be impartial." Id.

There is plenty of evidence in the record supporting the conclusion that the challenged juror could render an impartial verdict in Scotton's case. Before jury deliberations began, the trial judge questioned the juror at length about whether she could weigh the evidence fairly and render an impartial verdict. The juror said that she no longer had concerns for her safety and that she believed she could deliberate and come to a decision fairly. That was enough for the court to conclude that the juror could "lay aside any opinion she might hold and render a judgment based solely on the evidence presented in court." United States v. Rhodes, 177 F.3d 963, 965 (11th Cir. 1999); see Dickerson, 248 F.3d at 1045.

Scotton next challenges the district court's decision to admit into evidence a number of summary charts that compiled the thousands of shipping invoices and waybills associated with his fraudulent accounts. Specifically, Scotton challenges the admission of Government Exhibits 15, 130, 130A, 132B, and 132C. He contends on appeal that the government did not provide him with the records on which those summary charts were based before trial. See United States v. Arias-

3

Izquierdo, 449 F.3d 1168, 1184 (11th Cir. 2006) (explaining that Fed. R. Evid. 1006 allows "for the admission of a summary of voluminous business records, but only if certain requirements are met[,]" including that the other parties "be provided the original records upon which the summary is based — or duplicates of those originals — prior to the admission of the summary"). At trial, however, Scotton objected to only Exhibit 130 on that basis.[1]

We review a district court's decision to admit summary charts into evidence only for abuse of discretion. United States v. Richardson, 233 F.3d 1285, 1293 (11th Cir. 2000); Gordon v. United States, 438 F.2d 858, 876 (5th Cir. 1971) (stating that a district court's rulings concerning summary charts are subject to reversal "only upon a clear showing of abuse and resulting prejudice to the accused"). But with respect to the exhibits to which Scotton did not object at trial, we review only for plain error. See United States v. Raad, 406 F.3d 1322, 1323 (11th Cir. 2005) ("Plain error occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings.").

---

[1] Scotton actually objected to the admission of Exhibit 130 under the "best evidence rule," but he argued that he had not received the records supporting the exhibit before trial. We will construe his pro se objection liberally as challenging the government's failure to comply with the requirements of Rule 1006.

4

The district court specifically found that the challenged exhibits were based on business records that the government had provided to the defense during the course of discovery as required by Federal Rule of Evidence 1006. See Arias-Izquierdo, 449 F.3d at 1184. Scotton also had the opportunity to cross-examine the government's witnesses about each of those exhibits and to present his own explanation for their contents, reducing any risk of error. See Richardson, 233 F.3d at 1294 ("[W]here the defense has the opportunity to cross-examine a witness concerning the disputed issue and to present its own version of the case, the likelihood of any error in admitting summary evidence diminishes.") (quotation marks omitted). Under those circumstances, we find no abuse of discretion or plain error in the district court's decision to admit into evidence the government's summary charts.

Scotton next contends that the district court erred when it denied his motion for a mistrial based on comments that allegedly violated his Fifth Amendment right against self-incrimination. On several occasions, sometimes in the presence of the jury, the trial judge admonished Scotton that he could only ask questions during his examination of witnesses. She also reminded Scotton that if he wanted to testify, he would have to do so "from the witness stand." Scotton argues that those reprimands impermissibly emphasized his decision not to testify.

5

A remark violates a defendant's Fifth Amendment right to remain silent if it is "manifestly intended to be a comment on the defendant's failure to testify" or if it is "of such a character that the jury would naturally and necessarily take it to be a comment on the defendant's silence." United States v. Knowles, 66 F.3d 1146, 1163 (11th Cir. 1995) (quotation marks omitted). The defendant bears the burden of proving one of those two criteria. Id. "[W]e must examine the comments in the context within which they were made." Williams v. Wainwright, 673 F.2d 1182, 1184 (11th Cir. 1982). Because the trial judge is in the best position to evaluate the comments in context, we review the denial of a motion for mistrial only for abuse of discretion. Knowles, 66 F.3d at 1163.

The trial judge's remarks were not "manifestly intended" to comment on Scotton's failure to testify. Id. Her statements were clearly designed to ensure that the trial was conducted properly and to remind Scotton, who represented himself, of the court's rules. See United States v. Swindall, 971 F.2d 1531, 1551–52 (11th Cir. 1992) (explaining that a statement cannot be "manifestly intended" to comment on the defendant's failure to testify if "some other explanation for [the] remark is equally plausible"). Nor would the jury have "naturally and necessarily" taken the trial judge's remarks as a comment on Scotton's right to silence. Knowles, 66 F.3d at 1163. In fact, it's highly unlikely that they would have done so, given the trial judge's explicit instruction that Scotton "has the absolute right

not to testify" and that if he chose not to testify, the jury could not "hold that against him." See Swindall, 971 F.3d at 1552 (noting that "the trial court's curative instruction was adequate" to prevent the jury from construing a statement by the prosecutor as an impermissible comment on the defendant's Fifth Amendment right).

Finally, Scotton contends that the district court erred at sentencing by attributing a loss amount of $2,663,385.43 to him, which resulted in an 18-level increase in his base offense level. See U.S.S.G. § 2B1.1(b)(1)(J). He argues that the government failed to adequately prove that loss amount because it relied on spreadsheets that summarized thousands of fraudulent transactions instead of the actual records of those transactions themselves.

The sentencing guidelines provide for an increased offense level based on the amount of loss attributable to a defendant's fraudulent conduct. See U.S.S.G. § 2B1.1(b)(1). "A sentencing court need only make a reasonable estimate of the loss, given the available information." United States v. Barrington, 648 F.3d 1178, 1197 (11th Cir. 2011) (quotation marks omitted). But the court "may not speculate about the existence of a fact that would result in a higher sentence," and the government must prove the loss by a preponderance of the evidence using "reliable and specific evidence." Id. (quotation marks omitted); see United States v. Medina, 485 F.3d 1291, 1304 (11th Cir. 2007). Because the district court "is in a

7

unique position to assess the evidence and estimate the loss," its "loss determination is entitled to appropriate deference." Barrington, 648 F.3d at 1197. We review it only for clear error. Id.

At sentencing, the government submitted several spreadsheets based on data provided to it by UPS, FedEx, and DHL Express about the loss associated with Scotton's fraudulent shipments. A federal agent testified about how that data was collected and compiled. And Scotton has "submitted no proof that the [g]overnment's averages, estimates, or results are so wildly inaccurate as to be unreasonable." United States v. Bradley, 644 F.3d 1213, 1292 (11th Cir. 2011). The district court, therefore, "did not engage in the kind of speculation forbidden by the [s]entencing [g]uidelines" in determining the amount of loss attributable to Scotton. Id.

**AFFIRMED.**

8