# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE              )
                              )
                              )
    v.                        )
                              )    Cr. ID. No. 1604019011A
KWAREASE A. BYARD,            )
                              )
    Defendant.                )

Submitted: August 2, 2018
Decided: October 23, 2018

Upon the Defendant's Motion for Mistrial

## GRANTED

## OPINION

Michael B. DegliObizzi, Esquire, Erik C. Towne, Esquire (Argued), Department of Justice, Wilmington, Delaware, Attorneys for the State

Michael W. Modica, Esquire, (Argued) Wilmington, Delaware, Attorney for Defendant

JOHNSTON, J.

## FACTUAL AND PROCEDURAL CONTEXT

Kwarease Byard was charged with Assault in the First Degree, Reckless Driving, Drag Racing and Other Speed Contests, Driving a Vehicle While License is Suspended or Revoked, and No Proof of Insurance. Trial was held on July 10, 11, and 12, 2018. On direct examination, the State's Chief Investigating Officer (CIO) testified:

> Q: How, if any – or what, if any, efforts did you make to speak with the Defendant?
>
> A: The phone number that was listed by Officer Hunt, I attempted that twice. And then the address that was given on the report, I rode down there and knocked on the door.
>
> Q: Were you ever successful in speaking with the Defendant?
>
> A: No.[1]

After the State concluded the CIO's direct examination, Defendant moved for a mistrial. Defendant alleged that the State violated Defendant's Fifth Amendment right to remain silent by eliciting comments on his lack of participation in the investigation.[2]

The following day, the Court gave the jury the following curative instruction:

---

[1] Transcript at 23.
[2] *Id.* at 28-30.

2

The State asked the Chief Investigating Officer a couple of questions. The State asked him whether or not, during the course of his accident reconstruction investigation, he attempted to talk to the Defendant. And if my recollection serves, the answer was that there had been two attempts to call the Defendant and the Defendant did not return those calls. You must not consider that evidence in any way. The Defendant has no obligation to return those calls. The Defendant has no obligation to speak with the police officer, and you must not consider that in any way in arriving at your verdict. You must not discuss it and you must not let it enter into your thinking about the case.

The jury convicted Defendant of Assault in the First Degree and Reckless Driving, and found Defendant not guilty of Drag Racing and Other Speed Contests.

After the trial concluded, Defendant submitted a legal memorandum on July 19, 2018, requesting that the convictions be reversed and a new trial be ordered. The State responded on July 27, 2018, and Defendant replied on July 30, 2018. Oral argument was held on the motion for mistrial on August 2, 2018.

## STANDARD OF REVIEW

In *Revel v. State*[3], The Delaware Supreme Court articulated the standard for granting a mistrial.

Whether a mistrial should be declared lies within the trial judge's discretion. This grant of discretion recognizes the fact that a trial judge is in the best position to assess the risk of any prejudice resulting from trial events. When a trial judge rules on a mistrial application, that decision should be reversed on appeal only if it is

---

[3] 956 A.2d 23 (Del. 2008).

3

based upon unreasonable or capricious grounds. A trial judge should grant a mistrial only when there is manifest necessity or the ends of public justice would be otherwise defeated. The remedy of a mistrial is mandated only when there are no meaningful and practical alternatives to that remedy. A trial judge's prompt curative instructions are presumed to cure error and adequately direct the jury to disregard improper statements. Juries are presumed to follow the trial judge's instructions.[4]

In *State v. Yoder*[5], this Court determined that a prosecutorial comment is improper if the defense can demonstrate either that: "(1) the prosecutor manifestly intended to comment on the defendant's silence, or (2) the character of the comment was such that a jury would naturally and necessarily construe it as a comment on the defendant's silence."[6] This Court further found that "a defendant's exercise of his constitutional right to remain silent cannot be penalized by prosecutorial suggestions that his silence implies guilt."[7]

In *Hughes v. State*[8], the Delaware Supreme Court considered whether "remarks prejudicially affected substantial rights of the accused and whether that prejudice was grounds for mistrial." The Court enumerated the following three-

---

[4] *Id.* at 27.
[5] 541 A.2d 141 (Del. Super. 1987)(citing *United States v. Stuart-Caballero*, 686 F.2d 890, 892 (11th Cir. 1982)).
[6] *Stuart-Caballero*, 686 F.2d at 892.
[7] *Yoder*, 541 A.2d at 142 (citing *Griffin v. California*, 85 U.S. 1229 (1965)).
[8] 437 A.2d 559 (Del. 1981).

4

part test: "[t]he decisive factors are the closeness of case, centrality of issue affected by alleged error, and the steps taken to mitigate effect of error."[9]

If the Court finds prosecutorial misconduct pursuant to the *Hughes* test, the Court must take an additional step to determine whether reversal is mandated. In *Hunter v. State[10]*, the Delaware Supreme Court held that reversal is required if the "prosecutor's statements are repetitive errors that…cast doubt on the integrity of the judicial process."[11]

## ANALYSIS

### *Hughes* Harmless Error Test

In determining whether a mistrial should be granted, the Court finds that the test articulated in *Hughes* is appropriate because the CIO's testimony was elicited by the State. The State argues that *Pena v. State[12]* should control. However, in *Pena*, the witness improperly commented voluntarily, despite a prohibition.[13] In

---

[9] *Id.* at 571.

[10] 815 A.2d 730 (Del. 2002).

[11] *Id.* at 733.

[12] 856 A.2d 548 (Del. 2004).

[13] *Id.* (In *Pena*, the defendant appealed a conviction on the basis that a police officer witness referred to a "drug investigation" as the reason for stopping the defendant's vehicle. Before trial, the prosecutor and defense counsel agreed that witnesses would not refer to the traffic stop in that manner, and the prosecutor cautioned the witness not to cite the "drug investigation" as the purpose for the traffic stop. The Court found that there were no grounds for a mistrial because the officer was answering routine questions and the jury would not be misled by the officer's responses. The Court further remarked that the prosecutor had explicitly cautioned the officer not to refer to the drug investigation.).

this case, the *Hughes* test is more appropriate in determining whether a mistrial should be granted because the State elicited the CIO's comments on Defendant's lack of participation in the investigation.

Under the three-prong test articulated in *Hughes*, this Court must determine whether the case was close, whether the centrality of the issue was affected by the error, and whether there were steps taken to mitigate the effects of the error.[14]

First, the Court finds that this was a close case. Although the speed at which Defendant was traveling was not in dispute, whether or not Defendant was drag racing was highly disputed. According to one witness, Defendant only "appeared to be drag racing." Furthermore, the surveillance video capturing the event was grainy and dark - certainly not strong evidence of drag racing. The jury ultimately acquitted Defendant of drag racing.

Second, the Court finds that the issue affected by the prosecutor's error was central to the jury's factual determination. This case turned on Defendant's state of mind and credibility. The central issue was recklessness. The jury had to decide whether Defendant was "aware of and consciously disregard[ed] a substantial and unjustifiable risk" of death or serious physical injury.[15] In the context of trial, the character of the CIO's comment naturally led the jury to infer

---

[14] *Hughes v. State*, 437 A.2d 559, 571 (Del. 1981).
[15] 11 *Del. C.* § 231(e).

6

that Defendant was avoiding the CIO. The jury could reasonably infer that the State was commenting on Defendant's silence and failure to cooperate with the investigation. The State's evidence appeared to be for the purpose of showing Defendant's consciousness of guilt.

The State argues that the CIO's testimony was offered to address the thoroughness of the accident investigation. However, the defense never took issue with the nature or extent of the investigation. The State relies on *Burns v. State*[16] to show that Defendant was not prejudiced by the CIO's testimony. The *Burns* Court found that the comments on the investigation's thoroughness did not lead to prejudice. The CIO's comments in *Burns* were made during cross examination and were elicited by the defense, not the State. The defense opened the door by putting the thoroughness of the investigation directly at issue. Under these circumstances, a jury could reasonably infer that the purpose of the defense's questioning was to show that the officer's investigation was deficient.[17] In this case, Defendant never took issue with the thoroughness of the investigation. Therefore, it is reasonable that a jury could infer that the purpose of the State's questioning was to elicit a comment on Defendant's silence and failure to cooperate with the investigation.

---

[16] *Burns v. State*, 76 A.3d 780 (Del. 2013).
[17] *Id.* at 787.

7

A prosecutor's comment is improper if "the character of the comment was such that a jury would naturally and necessarily construe it as a comment on the defendant's silence."[18] In this case, the jury would naturally and necessarily construe the CIO's comment as a comment on Defendant's silence because the thoroughness of the investigation was never an issue brought before the jury. Additionally, after Defendant asked for a mistrial on the basis of the State's questioning, the State did not clarify with the witness that Defendant did not or may not have known of the attempts to contact him. Clarification on this point was necessary for the jury to hear under the circumstances.

In *Yoder*, the prosecutor commented on a police officer's testimony, stating: "But I also suggest to you that they have testified to the events of October 16, 1985 as they recalled them, and it has not been disputed."[19] The Court determined that the prosecutor's statement was an impermissible comment on the defendant's right to remain silent. The Court held that even after a curative instruction was given to the jury, "any instructions to the jury to infer nothing from the Defendant's failure to testify were ineffectual to alleviate the prejudicial effect of the comments."[20]

---

[18] *State v. Yoder*, 541 A.2d 141, 143 (Del. Super. 1987).
[19] *Id.* at 142.
[20] *Id.* at 144.

This Court finds that although steps were taken to mitigate the effects of the State's error, the curative instruction given to the jury could not and did not refute the likely inference made by the jury. The testimony suggested that Defendant, as a matter of fact, did not respond to the CIO's attempted contact. The curative instruction could not and did not outweigh the resulting prejudice following the CIO's improper comments elicited by the State. "A trial judge should grant a mistrial only when there is manifest necessity or the ends of public justice would be otherwise defeated. The remedy of a mistrial is mandated only when there are no meaningful and practical alternatives to that remedy."[21] Under these circumstances, a mistrial should be granted because there are no practical alternatives.

## CONCLUSION

Applying the *Hughes* test in a contextual, factually-specific manner, the Court finds that the testimony elicited by the State on direct examination of the Chief Investigating Officer cast doubt on integrity of the judicial process. However, the Court finds that the error was not intended by the State to induce a mistrial, and that there is no evidence of bad faith by the prosecutor.

---

[21] *Revel v. State*, 956 A.2d 23, 27 (Del. 2008).

9

Defendant's motion for Mistrial is hereby **GRANTED.  A retrial shall be scheduled at the earliest possible date.**   Bail shall be set as previously established prior to trial.

   **IT IS SO ORDERED.**

The Honorable Mary M. Johnston