PER CURIAM.
Appellant’s judgment and sentence are affirmed. Imtially we conclude that the trial court did not abuse its discretion by admitting a statement Appellant made in the course of taking a roadside sobriety test, notwithstanding the absence of the warnings required pursuant to Miranda v. Arizona, 384 U.S. 436, 478-79, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694 (1966). The tests were being admimstered following a routine traffic stop. Under the totality of the circumstances, the trial court did not err in determining the defendant was not “in custody.” E.g., State v. Burns, 20 Fla.L.Weekly D1942, — So.2d - [1995 WL 502234] (Fla. 5th DCA August 25, 1995).
As to the second issue, we also find no error or abuse of discretion because the questioned comment by the prosecutor, made during final argument, was not a comment on Appellant’s right to remain silent and, in any *1284 event, was invited by the argument of defense counsel. Dufour v. State, 495 So.2d 154, 160-61 (Fla.1986), cert. denied, 479 U.S. 1101, 107 S.Ct. 1332, 94 L.Ed.2d 183 (1987); White v. State, 377 So.2d 1149 (Fla.1979).
GLICKSTEIN, STONE and FARMER, JJ., concur.