692 So.2d 305 (1997)
STATE of Florida, Appellant/Cross-Appellee,
v.
Richard EVANS, Appellee/Cross-Appellant.
No. 96-0361.
District Court of Appeal of Florida, Fourth District.
April 30, 1997.
*306 Robert A. Butterworth, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellant/cross-appellee.
Richard L. Jorandby, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellee/cross-appellant.
WARNER, Judge.
We affirm the trial court's order granting suppression of appellee's statements made at the scene of an automobile accident. Section 316.066(4), Florida Statutes (1993), as amended in 1989, provides for a privilege to individuals who are questioned by officers conducting an accident investigation. Contrary to the state's contention, there is no longer an exception to the privilege for statements made if the identity of the driver is in question. We also do not consider that the statements made by appellee were volunteered to the "world at large" such that the accident reporting privilege was waived. See Conner v. State, 398 So.2d 983 (Fla. 1st DCA 1981). Here, the view of the evidence most favorable to sustaining the trial court's ruling shows that statements made by appellee were in response to questions by the officers.
Appellee challenges the court's denial of his motion to suppress two other statements he made to other officers. As to the statements made to Deputy Lahiff at the scene of the accident, he claims that these too should have been suppressed because they fell within the accident report privilege. After Deputy Lahiff told appellee he was there to conduct a DUI investigation, the officer did not read appellee his Miranda rights before administering the roadside tests for DUI.
The state contends affirmance is required as to these statements, based on Duncan v. State, 659 So.2d 1283 (Fla. 4th DCA 1995), which relies on State v. Burns, 661 So.2d 842 (Fla. 5th DCA 1995), dismissed, 676 So.2d 1366 (Fla.1996). Those cases hold that a defendant subjected to a roadside testing for DUI during a routine traffic stop was not in custody for purposes of the Fifth Amendment. We find those cases to be distinguishable because appellee was in custody within *307 the meaning of Traylor v. State, 596 So.2d 957 (Fla.1992). Here, appellee had already been told not to leave the area. Deputy Lahiff took the appellee over to a nearby gas station, told him he was conducting a DUI investigation, and asked him questions, such as whether he had had anything to drink, whether he had been injured, etc., as well as administering roadside testing to him. We think that this amounted to a custodial interrogation which required Miranda warnings. See Allred v. State, 622 So.2d 984 (Fla.1993). We therefore reverse the trial court's order denying suppression of appellee's statements to Deputy Lahiff.
We affirm the denial of the motion to suppress appellee's statements to Detective Babcock.
Affirmed in part; reversed in part and remanded.
DELL and STEVENSON, JJ., concur.